309 So.2d 851 (1975)
Sam O. ENTRICAN, Jr.
v.
STATE of Mississippi.
No. 48333.
Supreme Court of Mississippi.
March 17, 1975.
Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Catherine Jane Walker, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, SMITH and SUGG, JJ.
SMITH, Justice:
Sam O. Entrican, Jr. was tried in the Circuit Court of Lincoln County upon an indictment charging him with the murder of his wife. He was convicted of manslaughter and sentenced to serve seventeen years in the penitentiary. He appeals.
*852 Only one alleged error is assigned:
"The trial court erred in granting Instruction Number 6 requested by the State."
Rule 14 of the Uniform Rules of the Circuit Courts of Mississippi, adopted February 13, 1971, provides, in part:
When the requested instructions are submitted to the court at the conclusion of the taking of testimony the opposing attorney shall dictate into the record his specific objections to the requested instructions and specifically point out his grounds for objection. (Emphasis added).
Appellant's entire trial court objection to State's Instruction 6 consisted of the following:
"The defendant objects to the State's instruction number six, because it does not correctly cite the law, and for the further reason that it is confusing."
Rule 42 of the Rules of The Supreme Court of Mississippi provides, among other things, that:
[N]o assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. (Emphasis added).
The trial court granted a total of fifteen instructions at appellant's request. Five of these dealt with the law of self-defense. Three dealt with the right to act upon appearances. State's Instruction 6 complemented these three rather generously worded defense instructions, all of which dealt, in one form or another, with the rule that one may act upon appearances and justifiably slay another, and that this is not changed by the fact that it might afterward develop that the apprehension on the part of the slayer that he was in imminent danger of death or great bodily harm at the hands of the person slain had not been justified in fact. State's Instruction 6 dealt with the same subject matter, and pointed out, in effect, that in order to justify a slaying on the ground of necessary self-defense, although the danger of death or grave physical injury at the hands of the person slain, may be either real or apparent, if it should be the latter, the circumstances, including overt actions on the part of the person slain, must have been such as to have been reasonably capable of inducing in the mind of a reasonable man a conviction that the danger was, in fact, real and imminent, and the slaying reasonably necessary to save the slayer from death or grave physical injury at the hands of the person slain. In other words, there had to be some overt action reasonably capable of engendering the belief rather than merely some form of ESP.
Considering the effect of all of these instructions dealing with this subject when read together, there was no misdirection of the jury. Moreover, alleged defects now argued for the first time were not pointed out to the trial court in the very general objection quoted above.
The significant facts of the case may be summarized as follows:
There was a quarrel between Entrican and his wife which proceeded intermittently over a period of several hours. In the course of the quarrel, Entrican slapped his wife about (he admits having done so three times), and she had thrown a steak knife at him, inflicting an apparently superficial cut on his abdomen. Considerably later on, the parties seemed to have reached a point where it was mutually desired to terminate their relationship and Mrs. Entrican had left the house. Shortly before the slaying, Mrs. Entrican returned home to get her child. She was told by Entrican that she would only get him with a "court order." When she replied that she would "see him in court Monday," Entrican told her, "No, you won't; you won't see nobody Monday," thereupon shooting her seven times, killing her.
*853 Entrican claims that he fired in self-defense. He testified that his wife, on her final return home shortly before she was slain, had told him: "Well, I'm going to get Douglas (her son) now; get out of my way or I'm going to kill you." It was then, according to Entrican, that "she reached under her blouse, like that, and I shot her. I kept shooting; I don't know (how) many was in the gun, and I don't really remember; I was scared and I was confused." He testified that he had seen "a bulge" on the right side (under her clothes) which he knew to be her gun." However, if it was a gun, it was never drawn and none was found following the slaying. It developed on Entrican's cross-examination that he had not mentioned that his wife had a gun to the officers following his arrest. Three eyewitnesses testified that when she was shot, Mrs. Entrican had made no threat, had no gun, did not reach for a gun, and that she had been shot seven times by Entrican at a time when she was unarmed and making no attempt to attack him. The jury was fully justified in convicting Entrican of manslaughter.
Although not assigned as error on appeal and not objected to in the trial court, appellant now seeks to question for the first time two other instructions granted at the request of the State.
We have read these instructions and find that they do not fall within the exception quoted in Mississippi Supreme Court Rule 42.
No prejudicial error having been committed in Entrican's trial, and the verdict finding him guilty of manslaughter being supported by the evidence, the judgment and sentence must be affirmed.
Affirmed.
GILLESPIE, C.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.