431 So.2d 929 (1983)
Jimmy HOLIFIELD
v.
STATE of Mississippi.
No. 54212.
Supreme Court of Mississippi.
May 25, 1983.
Self & Jordan, Franklin M. Coleman, Meridian, for appellant.
Bill Allain, Atty. Gen. by Wayne Snuggs, Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, P.J., and BOWLING and PRATHER, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Lauderdale County, Mississippi, wherein appellant, Jimmy Holifield, was tried and convicted of the crime of armed robbery and sentenced to serve a term of sixteen years in the custody of the Mississippi Department of Corrections.
On November 6, 1981, at approximately 9:45 p.m., Etta Holliday, an employee of Junior Food Stores, Inc., d/b/a Super Stop located on 24th Avenue in Meridian, Mississippi, was confronted in the store by a man whom she identified as the appellant and who was armed with a knife. He held the knife pointed toward Etta who begged him not to hurt her. When he came behind the counter, he was coming at her with the knife and advised her not to make any noise and to open the cash register from which he took approximately $125.00 and fled from the store. Etta testified the knife was not a large butcher knife, however, it was not a small knife.
Rena Talbert, who was also employed at the Super Stop, was working in the cooler *930 at the time of the incident. She was able to observe a man she identified as the appellant remove money from the store's cash register.
On November 8, Etta, while working at another Super Stop, located on Eighth Street, observed the appellant enter the store and purchase a six-pack of beer. Recognizing him to be the man who robbed the Super Stop on November 6, she informed the store manager, who called the police. The appellant was apprehended and arrested for the November 6 robbery of the Super Stop located on 24th Avenue. Upon searching the appellant's apartment, Detective John Nelson with the Meridian Police Department found a knife wrapped in a quilt located in the living room. Detective Nelson classified the knife as a butter knife with a brown handle.
Appellant testified he was in Ms. Sarah Case's apartment on November 6 from approximately 7:30 p.m. until 8:00 a.m. the following morning.
Upon conclusion of trial, the jury entered its verdict, "We, the Jury find the Defendant guilty of armed robbery but are unable to fix the penalty." Thereafter, appellant was sentenced to a term of sixteen years in the custody of the Mississippi Department of Corrections.
On appeal, the appellant's sole assignment of error attacks the granting of state's instruction S-1 on the grounds that it misquoted the charge against the appellant, was lengthy, vague and confusing and assumed material facts required to be proved.
At trial, appellant interposed the following general objection to instruction S-1:
It does not set forth the elements in precise order required under the laws of the United States of America and the State of Mississippi to be proven in a case of armed robbery and does not correctly nor succinctly state the specific elements of armed robbery and is, therefore, misleading and directive in form and will lead the jury to erroneously conclude that the defendant is guilty of armed robbery.
The defendant further excepts for the reason that it is misleading and directive and does not include the facts elicited by testimony from the witnesses and tends to distort the law with regard to the application of said instruction to the facts in this case.
The objection to instruction S-1 was general in that it did not designate what elements of armed robbery were not included in the instruction nor did it state wherein the instruction did not correctly state the specific elements of armed robbery, and did not state which facts "elicited by testimony from the witnesses" should have been included in the instruction that were not so included.
This type of objection to instructions violates Rule 42, Mississippi Supreme Court Rules, which states in part that "... no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection."
The primary argument of appellant on appeal is that instruction S-1 assumes as a fact that the knife used in the robbery was a deadly weapon. Since that objection was not specifically made to the trial court, any error that could have been predicated on that point was waived by the appellant under numerous decisions of this Court. Lumpkin v. State, 413 So.2d 386, 388 (Miss. 1982); Meyer v. State, 309 So.2d 161 (Miss. 1975); Entrican v. State, 309 So.2d 851 (Miss. 1975).
Finding no reversible error, the judgment and sentence of the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, PRATHER and ROBERTSON, JJ., concur.
HAWKINS, BOWLING and DAN M. LEE, JJ., specially concur.
HAWKINS, Justice, specially concurring:
I concur in the affirmance of this case.
*931 In my view the instruction was proper.[1] I see nothing misleading or confusing about the instruction, or that it fails to adequately set forth the elements of the offense.
Nor do I agree with the defendant's claim that the instruction assumes a knife is a deadly weapon. It is a matter of common knowledge that ordinary objects may indeed be a deadly weapon, depending on their use. Pulliam v. State, 298 So.2d 711 (Miss. 1974); State v. Sims, 80 Miss. 381, 31 So. 907 (1902). If the defendant wanted an instruction on the specific issue of whether the knife under the facts of this particular case constituted a deadly weapon, he should have asked for it. It defies common sense that a knife is not a deadly weapon when an accused intends to use it as such. Instruction S-1 required the state to prove beyond a reasonable doubt Etta Holliday was placed in fear of force or violence by use of a deadly weapon, to-wit: a knife. Unless it was used in circumstances to place a person in fear of injury, it hardly constituted a deadly weapon. The state was not required, at least in my view, to strain the point further.
I would not affirm this case on the technical ground asserted by the majority. I think sufficient objection was made to the instruction, if it indeed contained error. Trial attorneys do the best they can in the trial of a case, and I do not think we should hold them to impractical or impossible standards as to whether they fully covered every point in making an objection.
Just as the defense makes an unrealistic technically strained objection to instruction S-1, I think the majority makes a technical and unrealistic demand on trial attorneys as to the adequacy of an objection.
BOWLING and DAN M. LEE, JJ., join this specially concurring opinion.
NOTES
[1] S-1 is as follows: The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the Defendant, Jimmy Holifield, on or about the 6th day of November, 1981, in Lauderdale County, Mississippi, did unlawfully, wilfully, and feloniously take or attempt to take from the person and presence of Etta Holliday, an employee of Super Stop # 2, against her will the personal property of another, to-wit: approximately one hundred and twenty-five dollars ($125.00) in good and lawful currency of the United States of America, the personal property of Junior Food Stores, Incorporated, a Mississippi Corporation, d/b/a Super Stop, and did put the said Etta Holliday, an employee of Super Stop # 2, in fear of some immediate injury to her person through force or violence or the threat of force by the exhibition of a deadly weapon, to-wit: a knife; if you believe from the evidence, beyond a reasonable doubt, that the said Jimmy Holifield did against the will of the said Etta Holliday, an employee of Super Stop # 2 then and there feloniously and violently did steal, rob, seize, take and carry away approximately one hundred and twenty-five dollars ($125.00) in good and lawful currency of the United States of America, then it is your sworn duty to find the Defendant guilty as charged.