515 So.2d 936 (1987)
Ottis CRAWFORD
v.
STATE of Mississippi.
No. 57144.
Supreme Court of Mississippi.
November 12, 1987.
Alvin M. Binder, Binder, Milner & Milner, Jackson, for appellant.
*937 Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Ottis Crawford was indicted and tried in the Circuit Court of Lawrence County, Mississippi, on a charge of murder, was found guilty of manslaughter by the jury, and the trial judge sentenced him to serve fifteen (15) years in the custody of the Mississippi Department of Corrections. He has appealed to this Court and assigns five (5) errors in the trial below.
Appellant was a plumbing contractor in New Hebron, Mississippi, and also was employed as a meter reader by the local water association. He had installed a water heater in the home of R.J. Herrington and his wife, Bobbie Jean, and on May 21, 1984, R.J. Herrington informed him that the water heater was leaking. Appellant went to the Herrington house and disconnected the water heater that same day. On May 23, 1984, about 9:00 p.m., appellant again went to the Herrington home at the request of Mrs. Herrington because the water heater was still leaking. He arrived at the Herrington house around 9:15 p.m., inspected the water heater and talked briefly with Mrs. Herrington. The two then left in appellant's truck and drove to a secluded spot, where they engaged in sexual intercourse.
Appellant and Mrs. Herrington returned to the house about 9:45 p.m. Mrs. Herrington was riding in the back of Crawford's pickup truck, which was equipped with a camper top. When appellant drove to the Herrington driveway, he noticed people standing outside a neighboring house about 100 yards up the road, which house was under construction and being built by the Herringtons' daughter, Judy Daughdrill. Appellant let Mrs. Herrington out the back of the truck and told her to run to her house.
R.J. Herrington was a school custodian and a member of the Newhebron Police Department. On the night of May 23, he was on police duty, and it was his custom not to return home from night duty until around midnight. When appellant drove up to the Herrington house, one of the persons at the Judy Daughdrill house up the road was R.J. Herrington, who started walking down the road to the pickup truck.
As Mrs. Herrington ran toward her house, according to appellant, he saw R.J. Herrington approaching from the Daughdrill house with a pistol in his hand. Herrington called out, "Bobbie?" and then said, "Ottis, what's going on?" Appellant replied, "It's not what you think," and Herrington said, "Ottis, I'm going to kill you, you SOB." Appellant reached into his truck, produced a.38-caliber pistol and fired three shots at Herrington from a distance of approximately twenty (20) feet.[1]
Mrs. Herrington testified for the State. When she heard the gunshots, she ran from the house back toward appellant's truck. She heard R.J. call out, "Bobbie," and "Ottis, what's going on here?" but did not hear the last statement testified to by appellant to the effect, "Ottis, I'm going to kill you, you SOB." She saw Herrington leaning against the truck with appellant inside. Appellant pushed Herrington away from the truck, he staggered for some twenty-five (25) feet, and fell to the driveway. Appellant then drove away. Mrs. Herrington picked up her husband's gun with the intent of firing at appellant as he fled. Later, she took the gun to the house and placed it on the steps.
Elvin Morgan, who had been at the Daughdrill house, heard the commotion and immediately went to the Herrington house, where he saw appellant driving away and found R.J. Herrington dead near the driveway. The county sheriff was summoned, and appellant, who had driven to a fishing camp near Monticello and spent the night, went to the sheriff's house about sunup and surrendered.

*938 I.

THE LOWER COURT ERRED IN GRANTING STATE INSTRUCTION S-7 WHICH WAS AN ABSTRACT PRINCIPLE OF LAW, VOID OF ANY FACTS UPON WHICH THE JURY COULD APPLY THE RULE OF LAW ANNOUNCED BY IT.
Instruction S-7 follows:
The Court instructs the jury that the killing of a human being, without malice, in the heat of passion, by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, either real or apparent, is manslaughter.
Appellant objected to this instruction on the following ground:
The accused objects to S-7 in that he believes that he should be tried on the indictment alone, of which the charge is murder, and that an instruction in this manner should not be given for the reason that he is not charged with it, and he objects to it.
The assigned error will be denied for three reasons: (1) The error assigned does not rely upon the ground stated in the objection interposed to the lower court, and the objection was not properly preserved for appellate review. Miss.Sup.Ct.Rule 42; Watson v. State, 483 So.2d 1326 (Miss. 1986); Williams v. State, 445 So.2d 798 (Miss. 1984); Holifield v. State, 431 So.2d 929 (Miss. 1983); Lumpkin v. State, 413 So.2d 386 (Miss. 1982).
(2) The court granted the following instruction on murder:
THE COURT INSTRUCTS THE JURY THAT MURDER IS THE WILFUL, UNLAWFUL, AND FELONIOUS KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT, WITHOUT AUTHORITY OF LAW, BY ANY MEANS OR IN ANY MANNER, WHEN DONE WITH THE DELIBERATE DESIGN TO EFFECT THE DEATH OF THE PERSON KILLED, AND NOT IN NECESSARY SELF-DEFENSE.
No objection to the above instruction was made by the appellant. In Instruction S-2, the court told the jury that, if it believed beyond reasonable doubt the appellant was guilty of manslaughter (as defined in the Instruction S-7), it should find the defendant guilty of manslaughter. The lower court granted nineteen (19) instructions for the State and the appellant. Instruction S-4 told the jury that all instructions must be read and considered together as the instructions of the court. Considering all the instructions together, the Instruction S-7 cannot be error. Lee v. State, 469 So.2d 1225, 1232 (Miss. 1985).
(3) The facts of this case presented an issue to the jury on murder. The appellant saw the people, including the deceased Herrington, 100 yards away when he stopped at the Herrington drive. He saw Herrington walk that distance to within twenty feet of appellant's truck. While sitting in the truck, appellant fired three shots at Herrington, striking him in the chest and neck with two shots. He pushed Herrington away from the truck, as Herrington leaned on it, and drove away.
The appellant's defense to the murder charge was self-defense. When there is an issue for the jury on the question of murder, the defendant cannot complain of the granting by the court of an instruction on manslaughter. Cook v. State, 467 So.2d 203 (Miss. 1985); Hubbard v. State, 437 So.2d 430 (Miss. 1983). Appellant did not ask for an instruction on manslaughter, and objected, though improperly, to the court granting such instruction for the State. Obviously, this was trial strategy and the appellant was of the opinion that the jury would not convict him of murder, but might convict him of manslaughter, which it did.

II.

THE PROSECUTION, IN VOIR DIRE, SUBTLY BUT EFFECTIVELY DEPRIVED APPELLANT OF HIS FUNDAMENTAL RIGHT TO COMMENCE HIS TRIAL CLOTHED WITH A PRESUMPTION OF INNOCENCE, AND THEREBY DEPRIVED HIM OF A FAIR TRIAL.
The argument of appellant on assigned Error II, before this Court, relates *939 to the following portion of the State's voir dire of the jurors:
All right, I'm going to ask it a different way. Do each of you understand that everyone, no matter who he or she was, if they were charged with a crime, that presumption exists at the very beginning. In fact, everybody that's in the penitentiary today was originally presumed to be innocent after they were charged with a crime. Does everyone understand that? (no juror response)
In other words, my question to you is this, ladies and gentlemen: If the State of Mississippi proves its case to you beyond a reasonable doubt and to a moral certainty, if we prove that case to you, is there anyone here that could not vote guilty? (no juror response)
You see, if you are on the jury and you bring back a guilty verdict, that means all twelve people agree that the person is guilty. If one person says, "Well, I'm not sure that I can do that", then you can't bring back a guilty verdict. In fact, if you bring back a not-guilty verdict, all twelve people agree that the person is not guilty. That's the way it is, that's the way the law is.
No objection to the voir dire was made by the appellant, either at the time of voir dire or at any time while the case was before the lower court. Therefore, the assigned error on voir dire, which a cursory examination reveals not to be reversible error, is not properly before the Court. Kelly v. State, 493 So.2d 356 (Miss. 1986); Cummings v. State, 465 So.2d 993 (Miss. 1985); Tubbs v. State, 402 So.2d 830 (Miss. 1981). Further, the lower court thoroughly instructed the jury on the presumption of innocence by Instruction D-5.

III.

THE PROSECUTION IMPERMISSIBLY INTRODUCED EVIDENCE OF APPELLANT'S POST-ARREST SILENCE FOLLOWING RECEIPT OF HIS "MIRANDA" WARNINGS.
Appellant contends that, upon the direct examination of the county sheriff by the prosecutor, in establishing that appellant was given his Miranda warnings, the prosecutor then immediately asked the sheriff:
Q. Did he discuss the case with you after you had given him the warning?
A. No, he did not.
Appellant asserts that this question and answer constituted an impermissible comment on appellant's post-arrest silence. Here, again, the appellant made no objection to the question or answer before the lower court and the matter is not preserved for review by this Court. Furthermore, we see no harm or prejudice sustained by the appellant from the question and answer, particularly, since the appellant testified in his own behalf and relied upon self-defense.

IV.  V.

THE ASSISTANT DISTRICT ATTORNEY, IN CLOSING ARGUMENT, PRESENTED THE JURY WITH THE IMAGE OF A PROSECUTION ACTING ON BEHALF OF THE VICTIM AND HIS FAMILY, THEREBY IMPLORING THE JURY TO RETURN A VERDICT BASED ON VENGEANCE AND SYMPATHY.

THE CUMULATIVE EFFECT OF THE ASSIGNED ERRORS WAS TO DEPRIVE APPELLANT OF HIS FUNDAMENTAL RIGHT TO A FAIR TRIAL.
The appellant contends before this Court that Error IV stated above stems from the last two sentences of the State's closing argument to the jury, which follows:
Do R.J. Herrington justice, do his family justice, by returning a verdict of guilty to what this man is charged with. Thank you.
We simply dispose of this assigned error with the note that no objection was made to such argument before the court below, and it will not now be considered by this Court, and there is no merit in it. Shavers v. State, 455 So.2d 1299 (Miss. 1984); In Re: Hill, 460 So.2d 792 (Miss. 1984).
*940 The appellant contends finally that the cumulative effect of the errors he has assigned in this Court deprived him of his fundamental right to a fair trial. There is no merit in assigned Error V, and it is denied.
There being no reversible errors presented to this Court from the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] The facts related here come from the testimony of appellant.