551 So.2d 162 (1989)
Daniel Earl DUNAWAY
v.
STATE of Mississippi.
No. 07-58505.
Supreme Court of Mississippi.
July 26, 1989.
Rehearing Denied September 20, 1989.
William Frisbie, Greenville, for appellant.
Mike Moore, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ANDERSON, JJ.
*163 ANDERSON, Justice, for the Court:
This appeal involves another disgusting child sexual battery case where the defendant below and appellant here, Daniel Earl Dunaway, was charged, convicted and sentenced in the Circuit Court of Washington County for having illicit sex with his three minor children. The State proved that during the week of January 14, 1985, Dunaway went from room to room in his home and performed sexual acts with each child. Dunaway was convicted on three counts of sexual battery and sentenced to serve consecutive sentences of fifteen years (15) on each count, with seven years of each count suspended on the condition that he submit himself to the sexual counselling program in the penitentiary at Parchman. On appeal Dunaway assigned five assignments of error, only one of which has any merit and will be discussed here:
THE PROSECUTION'S UNETHICAL, IMPROPER, INFLAMMATORY, AND HIGHLY PREJUDICIAL CLOSING ARGUMENT CONSTITUTED EGREGIOUS PROSECUTORIAL MISCONDUCT AND DEPRIVED DUNAWAY OF A FAIR TRIAL.
Even though this assignment merits discussion, it is not reversible error under the circumstances. We, therefore, affirm the convictions and sentences of the lower court.

I.
Dunaway contends that he was deprived of his fundamental right to a fair trial by the State injecting irrelevant and exceedingly prejudicial issues into the jury's deliberation by humiliating and vilifying Dunaway's expert witness, by appealing to regional prejudice and by improperly attacking defense counsel. The State attacked Dunaway's expert by emphasizing the fact that all the State's expert witnesses were from Mississippi, while Dunaway's expert was from Minnesota, referring to him as "Santa Claus" or "Dr. Santa Claus," and stating "Santa Claus needs to go back to the North Pole." Dunaway points out that the State characterized the testimony of the expert as "stocking stuffers brought here by Santa Claus." Moreover, the State labeled the expert as a "whore full of hot air" who pretended to speak in the "voice of God."
The State contends that the prosecutors' remarks were within the scope allowed for closing arguments and lacked any prejudicial effect. Alternatively, the State contends that Dunaway is procedurally barred for failure to object to the prosecutors' remarks made during closing arguments.

II.
As set forth in Craft v. State, 226 Miss. 426, 84 So.2d 531 (1956), the test to determine if an improper argument by a prosecutor requires reversal is whether the natural and probable effect of the prosecuting attorney's improper argument created unjust prejudice against the accused resulting in a decision influenced by prejudice. See also, Davis v. State, 530 So.2d 694, 701 (Miss. 1988).
A defendant is entitled to a fair and impartial trial before a jury not exposed to abusive arguments appealing to their passions and prejudices. Although ours is an adversary system, prosecuting attorneys must exercise caution and discretion in making extreme statements in their arguments to the jury, if for no other reason than to save themselves, the defendant, the court and the jury the additional time, expense and effort involved in a retrial. Keyes v. State, 312 So.2d 7, 10 (Miss. 1975). See also, Stewart v. State, 263 So.2d 754, 758 (Miss. 1972).
Absent impermissible factors such as commenting on the defendant not testifying, a prosecuting attorney is entitled to great latitude in framing the closing argument. Monk v. State, 532 So.2d 592 (Miss. 1988); Neal v. State, 451 So.2d 743 (Miss. 1984). In Monk the Court stated that:
The right to argument contemplates liberal freedom of speech and range of discussion confined only to bounds of logic and reason; and if counsel's argument is within limits of proper debate, it is immaterial whether it is sound or unsound or whether he employs wit, invective, and *164 illustration therein. Moreover, figurative speech is legitimate if there is evidence on which it may be founded. Exaggerated statements and hasty observations are often made in the heat of the day, which, although not legitimate, are generally disregarded by the court, because in its opinion, they are harmless. There are, however, certain well established limits beyond which counsel is forbidden to go. He must confine himself to the facts introduced in evidence and to the fair and reasonable deduction and conclusions to be drawn therefrom and to the application of the law, as given by the court, to the facts. (Emphasis added).
Id. at 601.
In Wideman v. State, 339 So.2d 1378 (Miss. 1976), the Court found that statements made by the prosecuting attorney were improper and admonished prosecuting attorneys of dangers of reversal in going outside the record in their arguments. The Court did not think, however, under all the facts and circumstances the remarks constituted reversible error. Id. at 1382.
In the case sub judice, the prosecutors' remarks referring to the expert as a "whore," that the expert was paid $2,000, and that the expert resided outside the state should not have been made during closing arguments. The Court condemns this kind of action on the part of the State.
No objections were made, however, to the statements during the trial so that the trial judge could have admonished the prosecuting attorneys and properly instructed the jury to disregard the remarks. Procedurally, contemporaneous objections "must be made to allegedly prejudicial comments during closing argument or the point is waived." Monk at 600; Marks v. State, 532 So.2d 976, 984 (Miss. 1988); Crawford v. State, 515 So.2d 936 (Miss. 1987).
In Johnson v. State, 477 So.2d 196, 209-10 (Miss. 1985), the Court stated that:
..., it is the duty of trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument to promptly make objections and insist upon a ruling by the trial court. The trial judge first determines if the objection should be sustained or overruled. If the argument is improper and the objection is sustained, it is the further duty of trial court to move for a mistrial. The circuit judge is in the best position to weigh the consequences of the objectionable argument, and unless serious and irreparable damage has been done, admonish the jury then and there to disregard the improper comment.
See also, Marks, supra; Hill v. State, 432 So.2d 427 (Miss. 1983); Wilson v. State, 234 So.2d 303 (Miss. 1970).
On the other hand, where comments are so inflammatory that the trial court should have objected on his own motion, the point may be considered. Monk at 600; Gray v. State, 487 So.2d 1304, 1312 (Miss. 1986); Clemons v. State, 320 So.2d 368 (Miss. 1975). The reasoning behind the requirements of contemporaneous objections is to allow the trial court to correct the error with proper jury instructions. Monk, supra, 600-601; Baker v. State, 327 So.2d 288 (Miss. 1976).
Even though we condemn the prosecutors' behavior in the case sub judice, in accordance with the foregoing case law and under the facts and circumstances presented in the record, we find no reversible error. The judgements and sentences of the lower court, therefore, are affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN and BLASS, JJ., concur.
DAN M. LEE, P.J., and BLASS, PRATHER and SULLIVAN, JJ., specially concur.
PITTMAN, J., not participating.
BLASS, Justice, specially concurring.
While I agree that this case should not be reversed, I think that the conduct of the prosecutor cannot possibly fall within the scope allowed for closing argument in a courtroom, as contended by the state. Conduct of this sort frequently requires reversal and re-trial of cases with all of the *165 attendant delay, costs, and injury to the reputation of the judicial system of the State. Conduct of this character is in direct violation of Rule 5.01 and Rule 5.12 of the Uniform Rules of Criminal Procedure. This Court is confronted with misbehavior of this kind from very few prosecutors, but, from them, too frequently and its message of disapproval appears to fall on deaf ears. More effective means of preventing such misconduct must be found.
DAN M. LEE, P.J., and PRATHER and SULLIVAN, JJ., join this opinion.