**7/1/97**

# IN THE COURT OF APPEALS

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-01038 COA

*FREDERICK JONES A/K/A FRED ARTHUR JONES APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. GEORGE C. CARLSON, JR.

COURT FROM WHICH APPEALED: PANOLA COUNTY CIRCUIT COURT

ATTORNEYS FOR APPELLANT: DAVID L. WALKER

JOHN DAVID WEDDLE

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEIRDRE MCCRORY

DISTRICT ATTORNEY: ROBERT J. KELLY

NATURE OF THE CASE: SALE OF COCAINE

TRIAL COURT DISPOSITION: SALE OF A CONTROLLED SUBSTANCE, TO-WIT, COCAINE: SENTENCED TO 20 YRS; PAY $1,000.00 FINE; $125.00 TO MS CRIME LAB; $165.00 TO PANOLA-TATE NARCOTICS TASK FORCE; $100.00 TO MS CRIME VICTIMS COMPENSATION FUND; PAY ALL COURT COSTS

MOTION FOR REHEARING FILED:7/11/97

CERTIORARI FILED: 9/18/97

MANDATE ISSUED: 12/17/97

BEFORE THOMAS, P.J., DIAZ, AND PAYNE, JJ.

THOMAS, P.J., FOR THE COURT:

Frederick Jones appeals his conviction of sale of cocaine raising the following issues as error:

**I. THE CIRCUIT COURT JUDGE ERRED IN DENYING THE APPELLANT'S MOTION FOR A MISTRIAL MADE AFTER CLOSING ARGUMENTS WERE COMPLETED.**

**II. THE CIRCUIT COURT JUDGE ERRED IN DENYING THE APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF THE STATE'S CASE.**

**III. THE APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.**

**IV. THE VERDICT OF THE JURY OF GUILTY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.**

Finding no error, we affirm.

FACTS

On July 12, 1994, Agent Jason Chrestman, Agent Craig Sheley, and Agent Davy Kirkland, who were serving on the Panola-Tate Narcotics Task Force, along with John Warren, an agent with the Mississippi Bureau of Narcotics, decided to set up an undercover drug buy. They got Benjamin Franklin Bowie, who had been charged with sale of cocaine, to agree to help them as a confidential informant. In exchange for acting as a confidential informant, the Task Force agreed to stand up when Bowie was sentenced and tell the judge of his help.

The agents testified that Bowie was set up with a transmitter. They had tested and determined that the transmitter and receiving system functioned properly. Next, the agents searched Bowie and his automobile to ensure that he had no contraband and no cash, other than the funds provided by the task force, on his person.

Warren drove Bowie to Frederick Jones's house on Warren Street in Como, Mississippi. Bowie testified that when they arrived, Jones's brother Tom was sitting on the front porch. Bowie asked Tom whether Fred was at home. Tom went to the window, knocked and told Fred that Bowie was outside. Fred came to the carport door, and Bowie told him that he wanted a package deal, a

$50.00 package deal. Fred stepped inside and brought back three rocks, and in exchange Bowie gave Fred the $50.00.

Warren testified that he drove Bowie to Jones's residence on Warren Street. After Warren parked in front of the driveway, Bowie walked up to Fred's house and talked to the male outside. Warren stated that he saw another male walk to the carport door and talk to Bowie. The second man then went back into the house, and a short time after that, he came back out. Warren said he saw something pass between the two, and afterwards Bowie came back to the automobile and gave Warren three rocks of crack cocaine.

Agents Sheley and Chrestman listened to the transaction on the receiver. After the transaction and at their designated meeting place, Sheley took the rocks and sealed them in an evidence container that he initialed and dated. Sheley maintained the custody of the rocks until he personally delivered the same to the crime lab. Carol Abel Karr, the State's drug analyst, testified that the rocks were crack cocaine.

Jones testified on his own behalf. He testified that he did not see Bowie on the day in question. Tom Jones, Fred's brother, testified that he could not say exactly whether Bowie had visited the Jones's residence that day.

The jury returned a verdict against Jones of guilty of sale of cocaine.

ANALYSIS

## I.

## THE CIRCUIT COURT JUDGE ERRED IN DENYING THE APPELLANT'S MOTION FOR A MISTRIAL MADE AFTER CLOSING ARGUMENTS WERE COMPLETED.

During closing argument, the prosecutor stated "[i]f there was something wrong with the evidence, do you think the judge would even let you decide the case?" Trial counsel for Jones did not object. After the jury retired to deliberate, Jones's trial counsel moved for a mistrial. The circuit judge denied this motion stating that the objection to the statement was not timely made and that the statement neither inflamed nor prejudiced the jury in any way. Jones argues that this motion was timely made and that the statement to the jury warranted a mistrial.

The State argues that since defense counsel did not contemporaneously object to this allegedly prejudicial closing argument, Jones is procedurally barred. We agree. "Procedurally, contemporaneous objections 'must be made to allegedly prejudicial comments during closing argument or the point is waived.'" *Dunaway v. State*, 551 So. 2d 162, 164 (Miss. 1989) (quoting *Monk v. State*, 532 So. 2d 592, 600 (Miss. 1988)) (citing *Marks v. State*, 532 So. 2d 976, 984 (Miss. 1988); *Crawford v. State*, 515 So. 2d 936 (Miss. 1987)).

In *Johnson v. State*, 477 So. 2d 196, 209-10 (Miss. 1985), the Mississippi Supreme Court stated that:

it is the duty of trial counsel, if he deems opposing counsel overstepping the wide range of authorized argument to promptly make objections and insist upon a ruling by the trial court. The trial judge first determines if the objection should be sustained or overruled. If the argument is improper and the objection is sustained, it is the further duty of trial counsel to move for a mistrial. The circuit judge is in the best position to weigh the consequences of the objectionable argument, and unless serious and irreparable damage has been done, admonish the jury then and there to disregard the improper comment.

"The reasoning behind the requirements of contemporaneous objections is to allow the trial court to correct the error with proper jury instructions." *Dunaway*, 551 So. 2d at 164 (citing *Monk*, 532 So. 2d at 600-601; *Baker v. State*, 327 So. 2d 288 (Miss. 1976)). However, "where comments are so inflammatory that the trial court should have objected on his own motion, the point may be considered." *Dunaway*, 551 So. 2d at 164 (citing *Monk*, 532 So. 2d at 600; *Gray v. State*, 487 So. 2d 1304, 1312 (Miss. 1986); *Clemons v. State*, 320 So. 2d 368 (Miss.1975)).

A conviction will not be reversed due to an improper remark during closing argument unless this Court is convinced that the remark influenced the jury and contributed to the verdict. Since we should accord credit to the good sense of jurors who have seen the evidence and heard the argument and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence, we do not find that this brief comment prejudiced the jury.

## II.

## THE CIRCUIT COURT JUDGE ERRED IN DENYING THE APPELLANT'S

## MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION

## OF THE STATE'S CASE.

Next Jones argues that the circuit court erred in denying his motion for directed verdict at the close of the State's case. Since Jones put on proof after the State rested, his challenge to the sufficiency of the evidence must be considered in light of "the evidence before the court . . . on the last occasion when the sufficiency of the evidence was challenged before the trial court." *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993); *Wetz v. State*, 503 So. 2d 803, 807-08 n.3 (Miss. 1987). "A defendant waives the appeal of an overruled motion for a directed verdict made at the end of the state's case when the defendant chooses to go forward with its case." *Esparaza v. State*, 595 So. 2d 418, 426 (Miss. 1992) (citing *Wetz*, 503 So. 2d at 808). Put another way, the motion for a directed verdict is a

procedural vehicle[] for challenging the sufficiency of the case for the prosecution. . . . When the sufficiency of the evidence is challenged on appeal, this Court properly should review the Circuit Court's ruling on the last occasion when the sufficiency of the evidence was challenged before the trial court. Here, of course, that was when the Circuit Court overruled the motion for a new trial. . . .

*Wetz*, 503 So. 2d at 808 n.3.

Since Jones went forth with his case, he is procedurally barred from raising the denial of his directed verdict at the end of the State's case. However, like a motion for a directed verdict, a JNOV challenges the sufficiency of the evidence supporting a guilty verdict. *Butler v. State*, 544 So. 2d 816, 819 (Miss. 1989). Since Jones did move for a JNOV, we review the evidence on the last occasion when Jones' challenged the sufficiency of the evidence before the trial court, at the time of his motion for JNOV. *McClain*, 625 So. 2d at 778; *Wetz*, 503 So. 2d at 807-08.

Jones argues that the lower court should have granted his motion because the confidential informant was the only witness who identified him as the person involved in the transaction arranged by the Task Force and that the confidential informant's identification of him is sketchy since the confidential

informant could not recall whether there was a street light nearby or whether the carport light was on or off. What the appellant fails to remember is that the confidential informant, Ben Bowie, testified that he had known Jones since he was a small boy. The jury could easily determine that Bowie knew whom he was purchasing rock cocaine from, regardless of whether or not he remembered that there was a street light or whether the carport light was on.

The lower court has the discretionary authority to set aside the jury's verdict and order a new trial only where the court is "convinced that the verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." *Roberts v. State*, 582 So. 2d 423, 424 (Miss. 1991) (citations omitted). Based on the record before us, there was sufficient evidence to support the jury's verdict; this assignment of error is without merit.

## III.

## THE APPELLANT'S TRIAL COUNSEL RENDERED INEFFECTIVE

## ASSISTANCE OF COUNSEL.

Jones complains that he was denied effective assistance of counsel because his trial counsel did not contemporaneously object to the prosecutor's statement to the jury in closing argument that "[i]f there was something wrong with the evidence, do you think the judge would even let you decide the case," and because his trial counsel failed thoroughly to investigate the confidential informant's background.

The Mississippi Supreme Court adopted the *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984), standard for evaluating ineffective assistance of counsel claims. *Eakes v. State*, 665 So. 2d 852, 872 (Miss. 1995). A defendant has to show that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive the defendant of a fair trial. *Eakes*, 665 So. 2d at 872. We require that the defendant prove both elements. *Brown v. State*, 626 So. 2d 114, 115 (Miss. 1993); *Wilcher v. State*, 479 So. 2d 710, 713 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.

[T]here is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. To overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Schmitt v. State*, 560 So. 2d 148, 154 (Miss. 1990) (quoting *Strickland*, 466 U.S. at 691).

"There is a strong presumption that counsel's decisions," including the decision whether to interpose an objection, is "sound trial strategy." *Wiley v. State*, 517 So. 2d 1373, 1378 (Miss. 1987). We could easily construe trial counsel's failure to object as a reasonable trial strategy in choosing to wait until the trial judge had excused the jury before he moved for a mistrial. Initially, this failure to object does not fall below an objective standard of reasonableness.

Further, no prejudice resulted to Jones in this instance because the trial court specifically instructed the jury that the arguments of counsel were not evidence. *See* Issue I. Thus, any error was cured by this and other instructions like this. When we consider the entire record of Jones's trial, we cannot say that defense counsel's failure to object to prosecutorial remark so prejudiced Jones that the outcome of the case would have been different had trial counsel been more thorough in this instance.

Second, Jones argues his trial counsel was ineffective for failure fully to conduct sufficient research on the background of the confidential informant, Ben Bowie, which would have revealed prior convictions in another state. At the post-trial and sentencing hearing, Jones's new counsel brought it to the court's attention that Bowie had some possible prior convictions. After the court recessed the proceedings, with the aid of a NCIC report, they learned that Bowie had been convicted of two charges of theft by taking in Atlanta, Georgia, on October 9, 1982. Bowie was given a three year suspended sentence in these prior convictions.

Evidence of prior felony convictions for the purpose of impeachment are ordinarily inadmissible where the witness had been released from confinement more than ten years before trial. Miss. R. Evid. 609(b). The trial court may admit such evidence, however, where it finds that the probative value of the evidence substantially outweighs the prejudicial impact of having it admitted. *Id.* Bowie was convicted in 1982, thirteen years prior to the case *sub judice* and no confinement was imposed for the 1982 convictions. According to the record, the trial court found that the convictions satisfied the time limits of Rule 609(b) and that the convictions did not have probative value.

Jones has not shown this court how defense counsel's failure to bring out a thirteen-year-old theft conviction clearly failed to meet the prejudice prong of the *Strickland* test. Jones trial counsel thoroughly cross-examined the confidential informant on his narcotics offense, and it is doubtful that the jury would have been affected by learning that Bowie had been convicted of theft thirteen years prior. Accordingly, Jones failed to show that his trial counsel was ineffective.

## IV.

### THE VERDICT OF THE JURY OF GUILTY WAS AGAINST THE

### OVERWHELMING WEIGHT OF THE EVIDENCE.

In Jones's last issue, he argues that the jury's verdict was against the overwhelming weight of the evidence and contrary to the law.

When reviewing a jury verdict of guilty we are required to accept as true all the evidence favorable to the State, together with reasonable inferences arising therefrom, to disregard the evidence favorable to the defendant, and if such will support a verdict of guilty beyond reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence, then the jury verdict shall not be disturbed.

*Montgomery v. State*, 515 So. 2d 845, 848 (Miss. 1987) (citing *Hester v. State*, 463 So. 2d 1087, 1091 (Miss. 1985); *Carroll v. State*, 396 So. 2d 1033, 1035 (Miss. 1981)). We will not order a new trial unless this Court is convinced that "the verdict is so contrary to the overwhelming weight of the

evidence that to allow it to stand would be to sanction an unconscionable injustice." *Noe v. State*, 628 So. 2d 1368, 1369 (Miss. 1993) (quoting *Wetz v. State*, 503 So. 2d 803, 812 (Miss. 1987)).

Looking at the trial, the State produced credible evidence to justify the jury in finding Jones guilty of sale of cocaine. A confidential informant identified Jones as the seller of cocaine. The agents searched the confidential informant and the car he was in before the buy took place and found no illegal substances. An agent drove the confidential informant to the residence of Jones. Agents heard the confidential informant and another person conduct a drug transaction over a receiver. An agent drove the confidential informant to Jones's residence, and after the confidential informant came back to the car he had crack cocaine on his person. Under the facts here, the jury's verdict was clearly not against the overwhelming weight of the evidence. We find this issue to be without merit.

**THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000.00 AND RESTITUTION OF $125.00 TO THE MISSISSIPPI CRIME LAB; $165.00 TO PANOLA-TATE NARCOTICS TASK FORCE; AND $100.00 TO MISSISSIPPI CRIME VICTIMS COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.**