SOUTHWICK, P.J.,
for the court.
¶ 1. Randy Kirk Burton was convicted of selling methamphetamine. On appeal, he assigns as error the trial court’s failure to grant a directed verdict and failure to grant a mistrial following an improper comment by the prosecution in closing arguments. We find sufficient evidence, *208 agree that the comment was improper, and find that the error was corrected. We affirm.
DISCUSSION

1. Denial of motion for directed verdict

¶ 2. In May 2001, members of the TriCounty Narcotics Task Force sent two informants into the home of Randy Burton in order to purchase methamphetamine. The sale was videotaped by means of a transmitter concealed on one of the informants.
¶ 3. In his first point of error, Burton argues the State failed to establish its prima facie case due to procedural errors committed by the Narcotics Task Force before the drug sale occurred. Specifically, Burton asserts that because members of the Task Force did not make a thorough body search of the informants prior to the transaction, the State could not conclusively establish that the informants did not carry the methamphetamine with them into Burton’s home. The other error is said to be that the Task Force failed to make photocopies of all the bills given to the informants for the purchase, and instead merely logged their serial numbers of the currency. Here too, the conclusiveness of the proof is said to be wanting.
¶ 4. The defense motion for a directed verdict was denied. Such motions challenge the legal sufficiency of the evidence. Ellis v. State, 778 So.2d 114, 117 (Miss.2000). In evaluating a denial of the motion, we accept as true all evidence which supports the verdict without reweighing its credibility. Id. at 117. We will reverse only where reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987).
¶ 5. The evidence in support of conviction included a videotape of the transaction. It showed the informants handing money to Burton in exchange for a substance later identified as methamphetamine. The informants testified to the particulars of the transaction and verified the contents of the videotape.
¶ 6. With respect to the cash used in the transaction, there was testimony that recording the serial numbers on the case log is the usual procedure of the Narcotics Task Force for such operations. Burton produced no evidence to refute the truthfulness of this statement. Regardless of compliance with standard procedures, there was also sufficient evidence on which the jury could rely that the money in Burton’s possession when arrested was the money provided by the Task Force.

2. Improper comment by prosecutor in closing argument

¶ 7. Burton argues that a improper comment made by the prosecution during closing argument required the granting of a mistrial. The prosecutor made the statement, “He’s done this before, folks.” The defense immediately objected. The court sustained the objection but denied the motion for mistrial. The trial court directed the jury to disregard the statement. The judge then asked jurors whether they would be able to follow that instruction. All jurors indicated they could do so.
¶ 8. Counsel has considerable leeway in making their closing arguments. Dunaway v. State, 551 So.2d 162, 163 (Miss.1989). Here, though, the prosecutor exceeded those boundaries. A conviction of one crime is not supposed to be caused because of insinuation that there are other crimes that the same person committed. Only the evidence presented and reasonable inferences and deductions from that evidence may be used. Greer v. State, 755 So.2d 511, 517-18 (Miss.App.1999).
*209 ¶ 9. The State does not argue that relevant evidence had been introduced that Burton had “done this before.” However, error alone does not require reversal. Improper prosecution comments necessitate reversal only when the court is convinced that the remarks influenced the jury and contributed to the verdict. Id. at 518. Where there is overwhelming proof of guilt, such comments are often deemed harmless error. Ashley v. State, 423 So.2d 1311, 1316 (Miss.1982).
¶ 10. We find substantial and indeed largely uncontested evidence of guilt. The improper statement by the prosecutor did not cause a guilty verdict as even without the statement, there appears no likelihood that jurors would have acquitted.
¶ 11. We cannot approve of such improper remarks. Neither do we find reversible error because they were made in this case.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY OF CONVICTION OF THE SALE OF METHAMPHETAMINE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, $5000 FINE AND SIX-MONTH SUSPENSION OF DRIVING PRIVILEGES IS AFFIRMED. SENTENCE SHALL RUN CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED SENTENCE. COSTS OF THIS APPEAL ARE ASSESSED TO CHOCTAW COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND BRANTLEY, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.