749 So.2d 366 (1999)
Neveland J. LONGMIRE a/k/a Jackie Longmire, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01259-COA.
Court of Appeals of Mississippi.
October 12, 1999.
*367 Edmund J. Phillips Jr., Newton, Attorney for Appellant.
Office of the Attorney General by W. Glenn Watts, Attorney for Appellee.
BEFORE McMILLIN, C.J., BRIDGES, PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Neveland J. Longmire appeals his conviction of sale of cocaine raising the following issues as error:
I. WHETHER JURORS WERE ASKED DURING VOIR DIRE TO PLEDGE A VERDICT POSED THROUGH HYPOTHETICAL QUESTIONS WHICH RESULTED IN A DENIAL OF A FAIR TRIAL.
II. WHETHER THE PROSECUTION COMMITTED PREJUDICIAL AND REVERSIBLE ERROR DURING CLOSING ARGUMENTS BY EXCEEDING THE MATTERS CONTAINED IN THE RECORD.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On November 27, 1995, Chris Bishop, an agent with the Mississippi Bureau of Narcotics, met with case agent Jimmie Nichols, Master Sargent Leonard Harrison and a confidential informant at a prebuy meeting. Agent Bishop and the confidential informant were instructed by Agent Nichols to proceed to the West Hill Street area where they would attempt to locate suspected drug violators and make drug buys. Longmire was one of their suspected sellers of drugs. Buy money and a body wire for audio surveillance were provided. Agent Bishop and the confidential informant left in their vehicle while Agents Nichols and Harrison followed in surveillance. As Agent Bishop and the confidential informant proceeded to a residence suspected of harboring illegal drug activity they spotted Longmire walking down the road a short distance from their intended destination on West Hill Street. Agent Bishop and the confidential informant continued until they reached the suspected residence and waited on Longmire as he walked towards the residence. Longmire approached their vehicle and greeted the confidential informant. After introductions were made Longmire asked what they wanted, to which, Agent Bishop responded that he wanted four "twenties" or four twenty dollar rocks of crack cocaine. Longmire asked them to wait just a minute while he went inside. He returned a minute or two later with what appeared to be four rocks of crack cocaine. Agent Bishop exchanged the money for the drugs with Longmire and then left. Agent Bishop identified *368 Longmire as the individual who had sold him the four rocks of crack cocaine.

ANALYSIS

I.

WHETHER JURORS WERE ASKED DURING VOIR DIRE TO PLEDGE A VERDICT POSED THROUGH HYPOTHETICAL QUESTIONS WHICH RESULTED IN A DENIAL OF A FAIR TRIAL.
¶ 4. Longmire argues that the prosecution asked hypothetical questions during voir dire which resulted in asking the venire to pledge a verdict. Longmire argues that such posing of hypothetical questions results in a denial of a fair trial. During voir dire, without any objection from Longmire, the prosecution asked the venire, "If the truth is he did what he is alleged to have done, can everybody vote guilty?" We quickly note that the prosecution immediately followed up with the statement that "if you don't believe that's the truth, vote not guilty. That's fine, too." Longmire also argues that the prosecution improperly offered an opinion on the law and instructed the jury as to the law. Specifically, Longmire points to a portion of the voir dire where the prosecution spoke to the venire on the issue of conflicting evidence and whether the venire understood that conflicts in the evidence do not necessarily create a reasonable doubt and that it is up to them to decide what the truth is in the case. Longmire asserts that this type of questioning by the prosecution exceeds the function of voir dire, which is limited to inquiring into the qualifications of the jurors.
¶ 5. However, Longmire made no objection at trial to the prosecution's questions and comments. Errors are considered waived when not countered by objection at trial. Carr v. State, 655 So.2d 824, 853 (Miss.1995). Assertions of error through an objection at trial operates as a condition precedent to the assertion's survivability on appeal, failure to object at trial renders the assertion waived and creates an issue not properly preserved on appeal. Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994); Willie v. State, 585 So.2d 660, 671 (Miss.1991); Crawford v. State, 515 So.2d 936, 938 (Miss.1987).
¶ 6. Aside from the procedural bar, Longmire is mistaken in his interpretation that the prosecutor's comments required the venire to pledge a specific verdict. Under URCCC 3.05, the posing of hypothetical questions to the venire during voir dire is prohibited, "No hypothetical questions requiring any juror to pledge a particular verdict will be asked." A hypothetical question does not create per se reversible error where the prosecutor does not "specifically" request or require that the venire pledge a verdict one way or another in response to his questions and comments. Robinson v. State, 726 So.2d 189 (¶ 6) (Miss.Ct.App.1998); Holland v. State, 705 So.2d 307 (¶ 16) (Miss. 1997) (citing Stringer v. State, 500 So.2d 928, 938 (Miss.1986)). Ascertaining whether jurors are capable of returning a specific verdict differs greatly from requiring them to pledge a specific verdict under a hypothetical question. The record does not indicate any statements or questions by the prosecution requiring the venire to pledge a specific verdict. Furthermore, the record does not indicate that any members of the venire responded in the affirmative to the prosecution's comments. The questions posed by the prosecution, in making these determinations, were proper. This assignment of error is without merit.

II.

WHETHER THE PROSECUTION COMMITTED PREJUDICIAL AND REVERSIBLE ERROR DURING CLOSING ARGUMENTS BY EXCEEDING THE MATTERS CONTAINED IN THE RECORD.
¶ 7. Longmire asserts that the prosecution made improper remarks during *369 the State's closing argument by implying that Longmire was a career drug offender. During the State's closing argument the following statement was made, without objection from defense counsel: "It's a simple case. Don't let it get in the way to say okay, they used a known past drug violator to assist. Well, it takes one to know one." Longmire argues that the prosecution's statement that "it takes one to know one" implied that the confidential informant, "a known past drug violator," chose to approach Longmire to buy drugs because he had bought drugs from Longmire in the past. Longmire argues that it is prejudicial and reversible error for the prosecution to state or imply facts not in evidence.
¶ 8. Longmire's present assignment fairs no better that his previous assignment as neither were properly preserved for appeal. The comment complained of in Longmire's brief was not contemporaneously objected to during the final summation. "Procedurally, contemporaneous objections `must be made to allegedly prejudicial comments during closing argument or the point is waived.'" Millender v. State, 734 So.2d 225 (¶ 29) (Miss.Ct.App. 1999); Dunaway v. State, 551 So.2d 162, 164 (Miss.1989) (quoting Monk v. State, 532 So.2d 592, 600 (Miss.1988) (citing Marks v. State, 532 So.2d 976, 984 (Miss. 1988); Crawford v. State, 515 So.2d 936 (Miss.1987))). Therefore, this assignment of error is procedurally barred.
¶ 9. Not withstanding the procedural bar, Longmire's argument is without merit. During closing argument, counsel is limited to arguing facts entered into evidence, the deductions and conclusions he may reasonably draw therefrom, and the application of the law to the facts. Millender, 734 So.2d at 233(¶ 32); Ivy v. State, 589 So.2d 1263, 1266 (Miss.1991). Longmire was on trial for the sale of cocaine. The prosecution's argument was a fair deduction.
¶ 10. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF EIGHTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.