LEE, J.,
for the Court:
¶ 1. Rudolph Cotton, the appellant and defendant below, was found guilty by a jury in the Circuit Court of Amite County for the sale of cocaine to a confidential informant within a church zone. See Miss. Code Ann. § 41 — 29—139(b) (Supp.2000). He was sentenced to serve a term of thirty years and to pay a fine of $5,000 and court costs, the court having taken into consideration in sentencing that Cotton was a prior convicted felon. From the denial by the Circuit Court of Amite County of his motion for JNOV, or in the alternative, motion for a new trial, Cotton now appeals to this Court, asserting as error in essence that the trial court failed to constrain the prosecution during voir dire and during closing argument. We find no reversible error and affirm the disposition of the trial court.
ISSUE AND DISCUSSION
WHETHER THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS FAILURE TO CONSTRAIN THE PROSECUTION DURING VOIR DIRE AND DURING CLOSING ARGUMENT.
¶ 2. It is first noted that Cotton made no objection at trial to the prosecution’s questions during voir dire or to the comments made during closing argument for which he now complains. Such errors are considered waived when not countered by objection at trial. Carr v. State, 655 So.2d 824, 853 (Miss.1995). Cotton, however, relies upon M.R.E. 103(d), which permits the notice of plain errors affecting one’s substantial rights, though the errors were not brought to the attention of the trial court. Grubb v. State, 584 So.2d 786, 789 (Miss.1991).
¶ 3. Cotton asserts that the prosecution posed two hypothetical questions to the venire during voir dire which ran afoul of URCCC 3.05 and which required the venire to pledge a specific verdict. Rule 3.05 prohibits the posing of hypothetical questions to the venire during voir dire. Under Mississippi law, it is impermissible for an attorney to attempt to secure from a juror a pledge that he or she will vote a certain way if a certain set of facts occur or are presented. West v. State, 553 So.2d 8, 22 (Miss.1989). The complained-of violations came in the form of two statements made by the prosecution which were as follows:
And can each and every one of you tell me that once we put the witnesses on and the evidence is presented to you and prove that defendant guilty beyond a reasonable doubt that you can disregard that presumption of innocence and return a verdict of guilty against the de *238 fendant. Can each of you tell me that you will do that?
And the question I have for you today is will each and every one of you tell me that if you’re selected as a juror in this case, that you will be reasonable when you decide whether or not there’s any doubt as to the defendant’s guilt. Can all of you tell me that you’ll do that?
The test for determining whether an improper argument by a prosecutor to a jury requires reversal is “whether the natural and probable effect of the improper argument of the prosecuting attorney is to create an unjust prejudice against the accused as to result in a decision influenced by the prejudice so created.” Davis v. State, 660 So.2d 1228, 1248 (Miss.1995).
¶ 4. Cotton is mistaken in his interpretation that the prosecutor’s comments required the venire to pledge a specific verdict. A hypothetical question does not create, per se, reversible error where the prosecutor does not “specifically” request or require that the venire pledge a verdict one way or another in response to his questions and comments during voir dire. Robinson v. State, 726 So.2d 189, 191-92 (¶ 6) (Miss.Ct.App.1998). Prosecuting attorneys have been cautioned to “avoid questions seeking a promise or commitment from the jury to convict if the State proved certain facts.” West, 553 So.2d at 22. In the instant case the jury was not given a hypothetical set of facts. They were asked if they would be able to be reasonable when deciding whether there was any doubt as to the defendant’s guilt. There is a significant difference in determining whether jurors are capable of returning a specific verdict and requiring them to pledge a specific verdict under a hypothetical question. Longmire v. State, 749 So.2d 366, 368 (¶ 6) (Miss.Ct.App. 1999). As the court explained in Puckett v. State, 737 So.2d 322, 332 (¶ 23) (Miss.1999), the purpose of voir dire is to select a fair and impartial jury. The complained-of statements were clearly made to determine whether the potential jurors understood their function and how the evidence was to be evaluated, which is the very purpose of voir dire. There is no error in ascertaining whether potential jurors know what is expected of them in order to determine their suitability to serve as jurors. Palm v. State, 748 So.2d 135, 138 (¶ 10) (Miss.1999). The record does not indicate any statements or questions by the prosecution requiring the venire to pledge a specific verdict. Our supreme court has held that where no specific request is made to secure a promise of a guilty verdict reversible error does not occur. Stringer v. State, 500 So.2d 928, 938 (Miss. 1986).
¶ 5. Furthermore, the statements made are almost identical to those in Palm, 748 So.2d at 138-39 (¶¶ 10-12), where the court concluded there was no abuse of voir dire and found that the issue was without merit. We therefore do not find that the natural and probable effect of the questions during voir dire created an unjust prejudice against Cotton as to result in a decision influenced by prejudice. Davis, 660 So.2d at 1248. There is no plain error in the questions complained of during voir dire and this assignment of error is without merit.
¶ 6. Cotton also complains that comments made during closing argument by the State were prejudicial and that the trial court abused its discretion in failing to constrain the prosecution. The complained-of comments were that defense counsel was one of the better orators and lawyers in the state and that his job was to “let this man go”. As we have stated in the discussion of the first issue, the test that appellate courts must apply to lawyer misconduct during opening statements or *239 closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created. Davis, 660 So.2d at 1248.
¶ 7. The court in Clemons v. State, 320 So.2d 368, 371 (Miss.1975), stated that the purpose of closing argument in regard to the state is to fairly sum up the evidence and to point out those facts presented upon which the prosecution contends a verdict of guilty would be proper. This Court also bears in mind that prosecuting attorneys are entitled to wide latitude in closing argument. Ahmad v. State, 603 So.2d 843, 847 (Miss.1992). The comments in the case sub judice are similar to those considered by the court in Evans v. State, 725 So.2d 613, 671 (Miss. 1997), where the prosecutor commented on the skill of the defense lawyers in trying to raise a reasonable doubt when none existed. The prosecutor stated that the jury could not reward them for their excellent work by giving them a bone because the State had earned a verdict on all counts. The prosecutor then asked the jury to return a verdict for the State. Id. The court found that the argument was not improper because the prosecutor correctly stated that the jurors could not by their verdict reward defense attorneys for a job well done, but rather were required to rely on their evaluation of the evidence. The prosecutor argued that the jurors must consider the evidence and not be swayed by their like or dislike of the attorneys. Id. A look at the remainder of the closing argument in the case sub judice shows that the State went on to comment on the evidence and asked the jurors to rely on that evidence in arriving at the verdict. We do not find that the comment complained of has adversely affected a substantial right of Cotton’s which would invoke plain error as relief. Grubb, 584 So.2d at 789.
¶ 8. Cotton also contends that the improper comments during voir dire and closing argument denied him his right to a fair trial. We have already held that the prosecution did not act improperly in regard to these statements. If we were to reverse the conviction, it would be solely based on the comments described above, which we will not do. We therefore do not find that Cotton was denied a fundamentally fair trial.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY OF CONVICTION OF THE SALE OF COCAINE WITHIN A CHURCH ZONE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, MYERS and CHANDLER, JJ., Concur. IRVING, J., Concurs in Result Only.