853 So.2d 822 (2003)
Vincent WILSON a/k/a "Lil Red", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00846-COA.
Court of Appeals of Mississippi.
June 24, 2003.
Rehearing Denied September 2, 2003.
*823 Pamela A. Ferrington, Natchez, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before LEE, P.J., MYERS and GRIFFIS, JJ.
MYERS, J., for the court.
¶ 1. Vincent Wilson was convicted of manslaughter by a jury in the Circuit Court of Wilkinson County. Wilson now comes before this Court with an out-of-time appeal.

Issues
I. Did the trial court err in answering a question from the jury during jury deliberations?
II. Was there sufficient evidence to support the verdict?
III. Should the trial court have granted a jury instruction for accessory after the fact to murder?

Facts and Procedural History
¶ 2. Wilson shot Wesley Cavin inside Cavin's truck during the late evening hours of September 16, 1997. According to forensic evidence, this shot was not fatal, but it appears that Cavin was rendered unconscious by it. Wilson and Lamont Stewart later returned to the truck in an effort to hide the body. For some reason, they beat Cavin's body at this time. It was this beating that is believed to have been fatal to Cavin. Wilson was found guilty of manslaughter and was sentenced to twenty years in the custody of the Mississippi Department of Corrections on June 17, 1998.
¶ 3. On October 12, 1999, Wilson submitted a pro se motion styled as a motion for post-conviction collateral relief. The trial judge granted this motion, and on March 16, 2000, ordered that Wilson be granted an out-of-time appeal and appointed counsel to represent him in the appeal. Wilson's counsel then filed a motion for a new trial instead of filing an appeal on Wilson's behalf.
¶ 4. On March 27, 2000, the trial judge denied Wilson's motion for a new trial. The same day, Wilson filed a notice of appeal of both his June 1998 conviction, and of the March 2000 denial of a new trial.

Legal Analysis
¶ 5. We pause before discussing the issues to briefly note that the trial judge was correct in denying Wilson's motion for a new trial. Although Wilson had been granted an out-of-time appeal, this is not the same thing as a new trial. Rule 59 of the Mississippi Rules of Civil Procedure states: "A motion for a new trial shall be filed not later than ten days after the entry of judgment." (emphasis added). Wilson's motion was filed almost two years after the entry of judgment. The trial judge was quite correct to deny the new trial.
I. Did the trial court err in answering a question from the jury during jury deliberations?
¶ 6. After some deliberation, the jury returned with what everyone thought was a verdict. In reality, the jury had a question for the judge. This written question, which the trial judge read to both the prosecution and the defense in chambers, *824 asked, "Judge Sanders, can we vote for a lesser charge of Accessory to Murder?" The State immediately responded, "Your Honor, I'm not even sure if we can even answer that question other than to tell them that they have the instructions." The defense said, "I guess we can write a note and let them read the note." Acting upon Wilson's suggestion, the trial court crafted a response, "Jurors, the Court has received your note and you have been given all the instructions that you are allowed and you are not permitted to use what you have written in the form of a verdict." Wilsons's counsel then suggested, "Put a note on there: Do not destroy this note."
¶ 7. The trial judge and counsel returned to the courtroom. The jury returned. The trial judge then told the jury:
Ladies and gentlemen of the jury, you brought back what was suppose [sic] to be a verdict, but it was not. I'm going to now read to you Instruction No. 18 at the bottom. It has S-4 on it.
"And the Court instructs the jury that if you find the defendant, Vincent Wilson, guilty of murder, the form of your verdict shall be: We, the jury, find the defendant, Vincent Wilson, guilty of murder. If you find the defendant not guilty of murder but guilty of manslaughter, the form of your verdict shall be: We, the jury, find the defendant, Vincent Wilson, guilty of manslaughter. If you find the defendant not guilty of murder and not guilty of manslaughter, the form of your verdict shall be: We, the jury, find the defendant, Vincent Wilson, not guilty."
Whatever verdict you return, you shall write said verdict on a separate sheet of paper. Do you understand me now? Your verdict must be one of these three. It cannot be what you wrote on that paper. Do you understand that?
The jury responded affirmatively. They again deliberated, and they found Wilson guilty of manslaughter.
¶ 8. Wilson now contends that this was an improper comment upon the testimony and upon the weight of the evidence. We disagree.
¶ 9. It appears that Wilson has waived any right to appeal on this issue since his counsel did not object at the trial. Indeed, it was his counsel's suggestion that a note be written to the jury answering the question. An error is considered waived when not objected to during the trial. Smith v. State, 530 So.2d 155, 161-62 (Miss.1988); Longmire v. State, 749 So.2d 366, 368(¶ 5) (Miss.Ct.App.1999). There was no objection during trial, so we may not consider this question.
¶ 10. Additionally, even though the transcript demonstrates that a note was created to respond to the jury's question, we have no evidence that the note was given to the jury. There is no further mention of the note anywhere in the transcript or record after the trial judge and counsel left chambers. When the judge answered the jury's question in the courtroom, she merely re-read an instruction which the jury had already received. It is true that a judge must use great care when answering a question from a deliberating jury. However, only if it is shown that the judge has influenced the jury's verdict will it be reversible error. Gulf Hills Dude Ranch, Inc. v. Brinson, 191 So.2d 856, 861 (Miss.1966). If anything, the trial judge's actions would have made it more likely for the jury to find Wilson not guilty. The jury's question would indicate that there was, at one point, a concern that Wilson was not guilty of murder or of manslaughter. The trial judge told the jury again that in such a situation, they are to return a verdict of not guilty. Instead, *825 the jury returned a verdict on the charge of manslaughter.
II. Was there sufficient evidence to support the verdict?
¶ 11. Wilson asserts that the evidence presented against him would support a charge of aggravated assault, but not a charge of murder or manslaughter. We disagree and find that the evidence was sufficient to support a finding that Wilson beat Cavin to death.
¶ 12. When reviewing the sufficiency of the evidence, we must view the evidence in a light most favorable to the State. All credible evidence pointing to Wilson's guilt will be held to be true. The State will be given all favorable inferences which may be made from that evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 13. The forensic evidence found that Cavin was killed by "blunt force trauma producing massive cranial cerebral trauma." Evidence was presented that Wilson delivered a non-lethal gunshot wound to Cavin's head. A witness stated that Wilson had several large heavy tools in his possession with which he could cause blunt force trauma. The same witness testified that he had driven Wilson to retrieve Cavin's body and then heard beating noises, which he specifically described as sounding like "kicking a box." While the witness stated these sounds could have been Wilson trying to break the steering column on the car so he could hot-wire it, the witness said Wilson was standing behind the car at the time the beating sounds were heard. From this evidence, a juror could reasonably infer that Wilson had shot Cavin, rendering Cavin unconscious. Then, before Cavin could regain consciousness, Wilson returned to the scene of the crime, and then beat Cavin to death.
III. Should the trial court have granted a jury instruction for accessory after the fact to murder?
¶ 14. The jury instructions, or at least jury instruction number eighteen, would have allowed the jury to find Wilson guilty of murder, guilty of manslaughter, or not guilty of any charge. Wilson advances the position that the jury should also have been given the option to find him guilty of aggravated assault.
¶ 15. A criminal defendant is "entitled to have jury instructions given which present his theory of the case, however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence." Humphrey v. State, 759 So.2d 368, 380(¶ 33) (Miss.2000) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). It is impossible for us to comply with this standard of review since the jury instructions, other than instruction number eighteen, which the court read to the jury when it inquired about accessory after the fact, were not provided in the record. As such, we may not review the jury instructions as a whole as is required. See Smith v. State, 839 So.2d 489, 498(¶ 28) (Miss.2003).
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.