904 So.2d 1222 (2004)
Corey METCALF, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CA-00930-COA.
Court of Appeals of Mississippi.
November 9, 2004.
*1223 J. Dudley Williams, Aberdeen, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before BRIDGES, P.J., MYERS AND BARNES, JJ.
MYERS, J., for the Court.
¶ 1. On June 16, 1998, Corey Metcalf pled guilty to the burglary of a dwelling house and was sentenced to a term of fifteen years. This sentence was suspended and petitioner was placed on supervised probation for five years. Metcalf's probation was contingent upon the requirement that he live at liberty without violating any laws. On January 29, 1999, Metcalf's probation was revoked for the sale of crack cocaine to an undercover agent on October 15, 1998. Aggrieved by the decision to revoke his probation, Metcalf filed a motion for post-conviction relief on November 30, 2001. It is from the March 28, 2003 denial of his motion for post-conviction relief by the trial judge from which Metcalf appeals raising the following issue:
I. WHETHER THE STATE SATISFIED ITS BURDEN OF PROOF IN IDENTIFYING APPELLANT.
Finding no reversible error, we affirm.

STATEMENT OF FACTS
¶ 2. On June 16, 1998, Metcalf pled guilty to burglary of the dwelling house of another and received a fifteen year suspended sentence and five years of supervised probation. As per the terms of his supervised probation, Metcalf was to pay $648 in fines and restitution as well as conduct himself as a law abiding citizen. On January 29, 1999, Metcalf's probation was revoked and he was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections.
¶ 3. On October 15, 1998, Metcalf sold $40 worth of crack cocaine to an undercover agent with the Mississippi Bureau of Narcotics. This transaction was videotaped but the video was not useful for conviction, as the subject pulled a hood over his head just prior to the sale, hiding his face from the camera. After purchasing the crack cocaine, the undercover officer submitted the drugs to the case agent who then sent the drugs to the Mississippi Crime Laboratory for analysis. The report from the Mississippi Crime Laboratory stated that .24 grams of cocaine were present in the sample.
¶ 4. Once the drugs had been submitted to the case agent, the undercover officer went to the Aberdeen Police Department and gave a description of the individual from whom she purchased the drugs. After examining a photo array, the agent was *1224 able to make a positive identification of Metcalf as the person from whom she made the purchase.
¶ 5. On December 4, 1998, Metcalf was arrested and charged with the sale of cocaine. On January 29, 1999, the court found that Metcalf had violated the terms of his probation and revoked his probation, reinstating his previous sentence of incarceration for a period of fifteen years. The court listed four reasons for the revocation of his probation. These reasons include failing to live at liberty without violating any laws, failing to abstain from the use of marijuana, failing to pay supervision fees as directed, and failing to pay court costs and restitution as directed.
¶ 6. Metcalf filed his first motion for post-conviction relief on a date uncertain from the record. The court denied this motion on October 31, 2000. On November 30, 2001, Metcalf filed his second motion for post-conviction relief raising as issues the following:
I. His fifteen-year sentence is disproportionate to his crime.
II. His guilty plea "was not made knowingly, intelligently, voluntarily or with effective assistance of counsel."
III. His plea and sentence were infirm for each and every one of the listed grounds in Section 99-39-5, Miss.Code Ann. (1972), as amended.
IV. His probation was unlawfully revoked because his hearing was held before a different judge from the one who had initially imposed sentence.
In an order dated March 28, 2003, Metcalf's motion for post-conviction relief was denied stating that his motion was procedurally barred as successive in violation of Mississippi Code Annotated § 99-39-23(6) (Rev.2000). Though his motion was procedurally barred, the trial court addressed his motion, denying each of his claims. It is from this denial which he appeals.

LEGAL ANALYSIS

I. WHETHER THE STATE SATISFIED ITS BURDEN OF PROOF IN IDENTIFYING APPELLANT.

STANDARD OF REVIEW
¶ 7. "This Court reviews a challenge to the admissibility of identification testimony by determining whether there is an absence of credible evidence to support the finding." Byrd v. State, 834 So.2d 730, 732-33(¶ 8) (Miss.Ct.App.2003) (citing Jackson v. State, 807 So.2d 467, 469(¶ 8) (Miss.Ct.App.2001)).

DISCUSSION
¶ 8. Metcalf asserts for the first time on appeal that the State did not satisfy its burden of proof, as the undercover agent did not specifically point him out at trial, forcing the trial court to rely on the agent's out-of-court identification. Metcalf is procedurally barred from raising this issue initially on appeal. Pinkney v. State, 757 So.2d 297, 299(¶ 6) (Miss.2000).
¶ 9. In addressing Metcalf's claim as though preserved for appeal, we find the issue to be without merit for two reasons. First, during trial on the issue, Metcalf never made an objection to the officer's out-of-court identification. As this Court has previously held, "To preserve an issue for consideration on appeal, a defendant must raise a timely objection." Byrd, 834 So.2d at 733(¶ 12) (citing Longmire v. State, 749 So.2d 366, 368(¶ 5) (Miss.Ct.App. 1999)). In failing to raise a timely objection, this issue is procedurally barred. Id.
¶ 10. Secondly, upon review of the record, it is clear that the State has met its burden of proof. The Mississippi Supreme Court has held that a conviction is not necessary in order to revoke an individual's *1225 probation. Smith v. State, 742 So.2d 1146, 1148(¶ 10) (Miss.1999). The Mississippi Supreme Court has further held that probation may be revoked upon a showing that the defendant "more likely than not" violated the terms of probation. Wallace v. State, 607 So.2d 1184, 1189-90 (Miss. 1992). In the case sub judice the undercover officer from the Mississippi Bureau of Narcotics testified that she purchased crack cocaine from an individual whom she had seen several times previous to the purchase. After purchasing the cocaine she turned the drugs over to the case agent and proceeded to the Aberdeen Police Department. While at the Aberdeen Police Department, she made a positive identification of Metcalf as the individual from whom she purchased the drugs. This identification took place within eleven minutes of the purchase. Furthermore, the record is clear that throughout her testimony, the undercover officer repeatedly made reference to "Mr. Metcalf" as the individual from whom she purchased the drugs. As Metcalf directed no questions towards the agent, her testimony remained unimpeached and we find that the State met its burden of proving that Metcalf "more likely than not" violated the terms of his parole. Therefore, we find this issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.