CARLTON, J.,
 

 for the Court.
 

 ¶ 1. This case comes before this Court on appeal from the Circuit Court of Jackson County’s denial of Michael W. Scott’s motion for post-conviction relief. Aggrieved by the circuit court’s judgment, Scott appeals, arguing that: the court erred in denying him relief on his motion for post-conviction relief without an evi-dentiary hearing. Finding the record insufficient, we reverse and remand.
 

 FACTS
 

 ¶ 2. On August 9, 2005, Scott pled guilty in Jackson County Circuit Court to one count of felony malicious mischief. His adjudication of guilt was deferred, and he was placed on five years of non-adjudicated probation under Mississippi Code Annotated section 99-15-26 (Rev.2007).
 
 [1]
 
 On February 21, 2007, Scott was arrested by the Moss Point Police Department and charged with DUI Refusal and Leaving the Scene of an Accident. Scott was subsequently charged with violating the conditions of his probation, namely the failure to refrain from committing any offense against the laws of this state.
 

 ¶ 3. At a trial held on May 17, 2007, the circuit court revoked Scott’s probation on the grounds that he had failed to abide by the conditions of his probation when he was arrested for DUI Refusal and Leaving the Scene of an Accident. On October 10, 2007, Scott filed a motion for post-conviction relief, asserting that the circuit court improperly had revoked his probation when the judge relied on the fact of the arrest alone as the ground for revocation.
 

 ¶ 4. The circuit court denied Scott’s motion on October 19, 2009, finding that: Scott had been sentenced to “non-adjudicated probation”; he had violated the terms of such probation; and his probation was revoked based on that violation. The court further held that Scott failed to show that the revocation or sentence imposed was improper. Scott appeals.
 

 DISCUSSION
 

 ¶ 5. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the circuit court’s findings are clearly erroneous.
 
 Boyd v. State,
 
 926 So.2d 233, 234(¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo.
 
 Id.
 

 ¶ 6. Scott argues that the circuit court erred in denying his motion for post-conviction relief without an evidentiary hearing. He further alleges that the blood test violated his Fourth Amendment rights, because he did not consent to the test. Scott also contends that his probation may not be revoked based on the mere fact that he was arrested while on probation.
 

 ¶ 7. Additionally, Scott argues that there was no probable cause to justify the police officer’s order that his blood be drawn at the Singing River Hospital. Scott fails to cite to this Court any authority for his position; “thus, the issue is proeedurally barred.”
 
 Hoops v. State,
 
 681 So.2d 521, 535 (Miss.1996). Regardless of the procedural bar, the record provided by Scott is insufficient to allow us to examine this issue fully.
 

 ¶ 8. In
 
 Schmerber v. California,
 
 384 U.S. 757, 770-72, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) the United States Supreme Court held that ordering that a blood test be
 
 *1041
 
 performed on a defendant who had been lawfully arrested did not violate his Fourth Amendment rights. In
 
 Ashley v. State,
 
 423 So.2d 1311, 1313 (Miss.1982), the Mississippi Supreme Court held that where a defendant had not been lawfully arrested when his blood was drawn for testing, the court must determine whether the police officer had probable cause to detain the defendant and order a blood test after he went to the hospital. Although the facts presented by Scott are murky, the limited facts that can be ascertained appear to mirror those in
 
 Ashley
 
 — an automobile accident occurred, and the police officer believed that the defendant had been driving under the influence of alcohol. Based on these facts, the supreme court held in
 
 Ashley
 
 that “there existed probable cause for arrest and also probable cause to search appellant by requiring him to submit to the withdrawal of blood from his body to be tested.”
 
 Id.
 
 However, Scott fails to provide in the record, among other things, evidence of whether or not he was arrested before the blood test was drawn. He also fails to provide the transcripts from the revocation hearing, which may shed light on whether or not the police officer who ordered the blood test had probable cause to do so. Although Scott designated a copy of the transcript from the revocation hearing to be included in the record, the record before us contains no transcript.
 

 ¶ 9. This Court may only act on the record presented to it.
 
 Oakwood Homes Corp. v. Randall,
 
 824 So.2d 1292, 1293(¶ 4) (Miss.2002). The reviewing court must “decide each case by the facts shown in the record, not assertions in the brief....”
 
 Id.
 
 at (¶ 3) (citation omitted). The appellant has “the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal.”
 
 Id.
 
 at (¶ 4). Mississippi Rule of Appellate Procedure 10 mandates that “if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.”
 

 ¶ 10. Scott’s argument that the circuit erred in revoking his probation by basing its decision solely on the fact of his arrest also lacks evidentiary support. Scott cites
 
 Brown v. State,
 
 864 So.2d 1058, 1060(¶ 9) (Miss.Ct.App.2004), arguing that “[t]he mere arrest of a probationer is not a violation of probation.” In
 
 Brown,
 
 this Court held that “[w]here the State seeks to revoke one’s probation based upon an allegation of criminal activity, it must show proof of an actual conviction, or that a crime has been committed and that it is more likely than not that the probationer committed the offense.”
 
 Id.
 

 ¶ 11. On remand of this case, at the post-conviction-relief evidentiary hearing, the burden is “on the prisoner to prove by a preponderance of the evidence that he [is] entitled to reinstatement” of his probation.
 
 Moore v. State,
 
 587 So.2d 1193, 1196 (Miss.1991);
 
 see
 
 Mississippi Code Annotated section 99-39-23(7) (Supp.2009). In the present case, Scott asserts that he was acquitted of the charges of DUI Refusal and Leaving the Scene of an Accident by attaching to his brief two documents that he represents to be orders of acquittal from the Municipal Court of Moss Point, Mississippi. However, these orders do not appear in the official record presented to this Court. “Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.”
 
 Mason v. State,
 
 440 So.2d 318, 319 (Miss.1983). On remand, such evidence asserted by Scott may be considered at the evidentiary hearing. Additionally, we note that the face of the order of
 
 *1042
 
 revocation of non-adjudicated probation fails to reflect that the circuit court found Scott in violation of a condition of probation; the order only states that he was arrested.
 

 ¶ 12. Nevertheless, the Mississippi Supreme Court has held that a conviction is not necessary for revocation of probation; probation may be revoked upon a showing that the defendant “more likely than not” violated the terms of probation.
 
 Metcalf v. State,
 
 904 So.2d 1222, 1225(¶ 10) (Miss.Ct.App.2004) (citing
 
 Wallace v. State,
 
 607 So.2d 1184, 1189-90 (Miss.1992)). In
 
 Alexander v. State,
 
 667 So.2d 1, 3-4 (Miss.1995), John Alexander argued that his parole was unlawfully revoked due to the fact that the county court ultimately dismissed the charges which originally resulted in the justice court conviction. The supreme court found that “[t]he substance of Alexander’s responses during the parole revocation hearing support the actual violation of condition five of his parole agreement”; and, thus, it held that “the complete record of the parole revocation hearing supports the notion that the revocation was proper.”
 
 Id.
 
 at 4.
 

 ¶ 13. On the face of the order of revocation of Scott’s non-adjudicated probation, the order fails to reflect whether the circuit judge considered evidence showing that Scott more likely than not committed the offenses for which he was arrested.
 
 Metcalf,
 
 904 So.2d at 1225(¶ 10). The order of revocation of probation appears, on its face, to be based upon Scott’s arrest and his being charged, but not on the underlying facts and circumstances behind the arrest. The revocation order states:
 

 THIS CAUSE coming to be heard in the April term of the Court before the Honorable Robert P. Krebs, Judge, and it appearing that, Michael Wilkins Scott, hereinafter referred to as the aforesaid, was on the 9th day of August A.D., 2005, convicted of the offence [sic] of Felony Malicious Mischief in the Circuit Court of Jackson County, which Court withheld acceptance of his guilty plea and sentenced the aforesaid to non-adjudicated probation for a term [of] [f]ive (5) years, in accordance with the provisions of Mississippi Code 1972, Annotated Section 47-7-33.
 

 It further appearing that the aforesaid has not properly conducted hiself [sic], but has violated the conditions of his probation in a material respect by:
 

 CONDITION (A): Failure to refrain from committing any offense against the laws of this state by being arrested by [the] Moss Point Police Department on 02-21-07 and being charged with DUI Refusal and [Ljeaving the [S]cene of an [A]ccident.
 

 IT, THEREFORE, IS ORDERED AND ADJUDGED that the probation for the aforesaid defendant be revoked. The defendant, Michael Wilkins Scott, is hereby adjudicated guilty and sentenced to [f]ive (5)[y]ears [in the custody of the] MDOC.
 

 ¶ 14. Then, in the order denying Scott’s motion for post-conviction relief, the circuit judge states:
 

 There has been no showing by the plaintiff that he is entitled to any of the relief he is seeking. The plaintiff was sentenced to non-adjudicated probation, he violated the terms of that probation and was revoked as a result of the violation. There has been no showing that the revocation or sentence was improper.
 

 However, the order of revocation of probation provided no facts showing a violation of a condition of Scott’s probation. Additionally, the record as a whole also contains no evidence that Scott violated the conditions of his probation. As we noted previously, Scott designated the transcript from the revocation hearing as a part of
 
 *1043
 
 the record on appeal, but the record contains no such transcript. The clerk’s certificate explains the omission, stating that there was no court reporter transcript. Therefore, we reverse the circuit court’s judgment, and this case is remanded for an evidentiary hearing consistent with the standards set forth in
 
 Brown
 
 and
 
 Metcalf.
 
 The record before us is insufficient for this Court to determine if Scott violated the conditions of his non-adjudicated probation.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. MYERS, P.J., AND GRIFFIS, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . The circuit court's order of revocation of non-adjudicated probation incorrectly states that Scott was sentenced under section 47-7-33 (Rev.2004). However, the warrant for Scott’s arrest reflects the correct statute, section 99-15-26, for non-adjudicated probation.