CARLTON, J„
for the Court:
¶ 1. Johnny Thorpe appeals the Adams County Circuit Court’s order denying his motion for post-conviction relief (PCR). Aggrieved, Thorpe raises the following assignments of error: whether (1) he was subjected to multiple punishments for the same conduct in violation of the constitutional protections against double jeopardy; (2) he received ineffective assistance of counsel; (3) he entered an involuntary, unknowing, and unintelligent plea; and (4) plain error occurred when he was charged with possession of .1 gram but less than 2 grams of methamphetamine, when the Mississippi Crime Laboratory report failed to specify the amount of methamphetamine found but simply stated “Methamphetamine, Amount: Residue.”
¶ 2. The primary issue raised in Thorpe’s PCR motion addresses whether Thorpe’s criminal conduct of felony possession of a Schedule II controlled substance, methamphetamine, constituted one continuing offense or two separate offenses. However, the record does not contain sufficient factual information to discern whether Thorpe’s conduct constituted only one offense for felony possession of methamphetamine and, if so, whether Thorpe knowingly and intelligently waived any relevant constitutional rights. Finding the record insufficient for appellate review, we must reverse and remand the case to the trial court.
FACTS
¶ 3. On January 14, 2008, an Adams County grand jury indicted Thorpe in cause number 08-KR-0026-B as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007) on three counts: (1) possession of two or more precursor chemicals or drugs used in manufacturing a controlled substance; (2) manufacturing a Schedule II controlled substance, methamphetamine; and (3) possession of less than .1 gram of a Schedule II controlled substance, methamphetamine. Then, on July 7, 2008, Thorpe was charged, by criminal information in cause number 08-KR-0123-J, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), with possession of a Schedule II controlled substance, methamphetamine, in an amount of .1 gram but less than 2 grams, under Mississippi Code Annotated section 41-29-139(c)(1)(B) (Supp.2011). The following day, on July 8, 2008, Thorpe signed a waiver of indictment for the charge in cause number 123-J.
¶ 4. On the same day, Thorpe pleaded guilty in cause number 123-J to possession of .1 gram but less than 2 grams of methamphetamine. Thorpe also pleaded guilty to count III in cause number 26-B for *899 possession of less than .1 gram of methamphetamine. In exchange for his guilty pleas, the State agreed to drop the “life” habitual-offender charge under section 99-19-88 and also agreed to retire to file several other felony charges pending against Thorpe, including counts I and II of his indictment in cause number 26-B.
¶ 5. The trial court sentenced Thorpe as a habitual offender pursuant to section 99-19-81 to eight years in cause number 123-J, and to a consecutive term of two years in cause number 26-B, both in the custody of the Mississippi Department of Corrections (MDOC). On August 11, 2010, Thorpe filed his PCR motion in cause number 123-J, which the trial court denied. Thorpe subsequently appealed.
STANDARD OF REVIEW
¶ 6. “A trial court’s denial of a PCR motion will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous.” Smith v. State, 75 So.3d 82, 82 (¶ 3) (Miss. Ct.App.2011) (citation omitted). However, we employ a de novo standard of review when reviewing issues of law. Id (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
DISCUSSION
¶ 7. Thorpe argues he was improperly subjected to multiple punishments for the same conduct in violation of the constitutional protections against double jeopardy. Specifically, Thorpe asserts that his charges in both cause numbers 26-B and 123-J arose from a single traffic stop in which he was a passenger in a friend’s vehicle and from the same criminal conduct of possession of methamphetamine.
¶ 8. Thorpe alleges that immediately pri- or to the traffic stop, he scooped methamphetamine out of a coffee filter with a spoon and added drops of water in the spoon to liquify the methamphetamine. Thorpe contends that, after a police car appeared to be in pursuit of the vehicle in which he was a passenger, he used the coffee filter to dab the water from the spoon’s basin. He alleges that he then crumbled and swallowed the coffee filter containing the liquified methamphetamine. Thorpe asserts that he later regurgitated the coffee filter at the hospital after being arrested and subsequently transported to Natchez Regional Medical Center. Thorpe claims that both the spoon and coffee filter contained trace residue amounts of methamphetamine which resulted in his initial indictment and conviction in cause number 26-B for the spoon residue, and the methamphetamine in the coffee filter he swallowed resulted in his subsequent waiver of indictment and conviction in cause number 123-J. Thus, Thorpe contends his conviction and sentence in cause number 123-J resulted in a second punishment for the same conduct for which he received his conviction and punishment in cause number 26-B, one “continuing” single possession of methamphetamine in violation of the Double Jeopardy Clause of the United States Constitution.
¶ 9. “Nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb[.]” Graves v. State, 969 So.2d 845, 847 (¶ 7) (Miss.2007) (quoting U.S. Const. amend. V). See also Miss. Const, art. 3, § 22. “This guarantee, enforceable against the states through the Fourteenth Amendment, assures three separate protections: (1) protection from a second prosecution for the same offense after acquittal, (2) protection from a second prosecution for the same offense after conviction, and (3) protection from multiple punishments for the same offense.” Graves, 969 So.2d at 847 (¶ 7).
*900 ¶ 10. As previously stated, this case concerns the protection against multiple punishments for the same offense, and we must review Thorpe’s claim that he was punished twice for the same felony possession of methamphetamine. However, the record fails to contain sufficient information for this Court to conduct such a review. The record includes Thorpe’s plea petitions in cause numbers 26-B and 123-J and the transcript of the plea hearing. However, neither the two plea petitions nor the plea colloquy reflect a factual basis or facts sufficient to distinguish the two offenses of possession of methamphetamine. Further, the record, including Thorpe’s plea petitions and plea colloquy, fails to show whether Thorpe had been advised of and voluntarily waived his constitutional guarantee against multiple punishments for the same offense. The aver-ments set forth in Thorpe’s pleadings and his own affidavit contained in the record provide the most information regarding the facts of the offenses to which Thorpe entered his guilty pleas.[1]
f 11. “This Court may only act on the record presented to it.” Scott v. State, 24 So.3d 1039, 1041 (¶ 9) (Miss.Ct. App.2010) (citing Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293 (¶ 4) (Miss. 2002)). An appellate court must “decide each case by the facts shown in the record, not assertions in the brief.” Id. (citation omitted). Here, we are unable to determine, based on the sparse record before us, whether Thorpe was subjected to double jeopardy, and the record on its face does not reflect whether the offenses arose from separate acts of possession or whether Thorpe’s conduct constituted one felony possession of methamphetamine. Accordingly, because we find this Court does not have before it a record sufficient to resolve the merits of these matters, we must reverse the trial court’s order denying Thorpe’s PCR motion and remand the case to the trial court with instructions to conduct an evidentiary hearing. After conducting the evidentiary hearing, the trial court should determine whether Thorpe received multiple punishments for the same criminal conduct in contravention of the double-jeopardy constitutional provisions, and if so, whether Thorpe knowingly and intelligently waived such rights.[2] Because we find the resolution of Thorpe’s additional assignments of error stem from his double-jeopardy claim, we decline to address these additional matters in our discussion.
¶ 12. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND RUSSELL, JJ., CONCUR. ROBERTS, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL AND FAIR, JJ.

. We note that Thorpe alleges his trial counsel rendered ineffective assistance by advising him to enter guilty pleas to charges that subjected him to double jeopardy in violation of his constitutional rights.

. See generally Rowland v. State, 42 So.3d 503 (Miss.2010).