GRIFFIS, J.,
for the Court.
¶ 1. Kenneth Wayne Herrington was in custody awaiting trial on felony charges when he attempted an escape from the Lauderdale County Detention Facility. Herrington used an existing hole in the chain-link enclosure to gain access to the roof of the detention facility. Herrington was quickly apprehended and returned to his cell.
¶ 2. Herrington was charged with and convicted of attempted felony escape. The trial judge found Herrington to be a habitual offender and sentenced him to life in prison without the possibility of parole or probation. We find no error and affirm.
ANALYSIS

I. Whether there ivas sufficient evidence that Herrington was incarcerated on felony charges; and whether Herrington was properly indicted as a habitual offender.

¶ 3. Herrington argues that he was denied due process of law because the indictment failed to distinguish a felony and a misdemeanor charge of attempted escape. Since the indictment did not charge that he was under a felony arrest, Herrington contends that he could not be subject to felony attempted escape and the resulting sentence.
¶ 4. Mississippi Code Annotated Section 97-9-49(l)(Rev.2001) provides that if a prisoner is being held on felony charges, whether he has been convicted or not, then an escape may be punished by a term not to exceed five years in the penitentiary. Only when a prisoner is in custody on pending misdemeanor charges will an escape be punished by the lesser sentence, a term not exceeding one year in the county jail. Id. The statute makes it clear that the felony provisions apply to one in custody “by virtue of an arrest on a charge of felony.” Cressionnie v. State, 797 So.2d 289, 294(¶ 16) (Miss.Ct.App.2001).
¶ 5. At trial, Herrington’s counsel and the State stipulated that he was in the custody on felony charges. Therefore, since Herrington was in custody on felony charges when he attempted to escape, he was subject to up to five years imprisonment in the state penitentiary.
¶ 6. Herrington also argues that it was incorrect to charge him as a habitual offender. Herrington claims that the indictment failed to specify the court where he was convicted and the date on which he was convicted. Herrington concludes that even though an amended indictment was filed, the trial court failed to grant the amendment.
¶ 7. Herrington is simply incorrect. The amended indictment properly specified the elements required to charge Herrington as a habitual offender. The amended indictment was allowed by the trial judge. At the request of Herrington’s counsel, the trial court then identified his prior offenses, which clearly established Herring-ton was a habitual offender. Accordingly, we find that this issue is without merit.

II. Whether the evidence was sufficient to establish that force was used in Herrington’s escape.

¶8. Next, Herrington argues that the evidence was insufficient to prove the use of force in his escape. He claims that since the State is required to prove each *548 element of the offense beyond reasonable doubt then the insufficiency of evidence of this element prevented a fair trial and due process of law.
¶ 9. Herrington argues that there were no witnesses to his breaking through the wire. Herrington reasons that since he “is not two feet wide ... he went through the hole without any force.” Herrington claims that his attempted escape is analogous to a breaking and entering. He attempts to persuade us that since there was nothing covering the hole in the roof then a breaking did not occur; likewise, he argues that when a door is open, there is no burglary when someone enters through the door.
¶ 10. In Goldman v. State, 741 So.2d 949 (Miss.Ct.App.1999), we considered a similar argument. Goldman used a “drop-off chute” to gain access to a Goodwill box. Id. at 951(¶ 4). Goldman argued that there was no proof of force and that merely crawling inside the box did not constitute “breaking.” Id. at 951(¶ 4). We held that “breaking [is] the use of any entrance ... not reasonably viewed as intended for human access.” Id. at 953(¶ 12).
¶ 11. Here, the hole used by Herring-ton, a two-foot wide opening in a chain-link roof over the recreational yard, was not intended as an exit. The photographs of the hole established that the chain link roof was pulled, pried, or twisted from the wire which held it in place. The record clearly proves the use of force. Therefore, this issue is without merit.

III. Whether the jury was properly instructed regarding the element of force in instruction C-8(a).

¶ 12. Herrington challenges jury instruction C-8(a), which read:
The Court instructs the Jury that, should you find from the evidence in this case, beyond a reasonable doubt:
1. On or about the 27th day of August, 2002, in Lauderdale County, Mississippi:
2. The Defendant, Kenneth Wayne Herrington, Jr., did wilfully, intentionally and unlawfully attempt to escape from the Lauderdale County Detention Facility while being held in lawful custody on felony charges
3. By forcing his way onto the roof of the Lauderdale County Detention Facility from the recreation yard
then it is your sworn duty to find the Defendant guilty of Attempted Felony Escape.
Should the State fail to prove each of the above essential elements beyond a reasonable doubt, then you shall find the Defendant not guilty.
Herrington argues that the instruction assumes his guilt because it fails to allow for the deliberation of whether the hole in the fence was wide enough for his body or whether the hole was even in existence.
¶ 13. This assignment of error is procedurally barred because Herrington did not object to instruction C-8(a) at trial. No assignment of error based on a jury instruction will be considered on appeal unless an objection was raised in the trial court, stating the specific grounds for the objection. Watson v. State, 483 So.2d 1326, 1329 (Miss.1986); Holifield v. State, 431 So.2d 929, 930 (Miss.1983). Accordingly, our consideration of instruction C-8(a) is barred on appeal. Wells v. State, 849 So.2d 1231, 1238(¶ 19)(Miss.2003).
¶ 14. Even if this issue was not procedurally barred, it is without merit. The instruction C-8(a) listed the elements required to find Herrington guilty of an attempted felony escape. The element of force was addressed in the third part of the instruction. Therefore, the element of force was not assumed, but rather present *549 ed for deliberation. Therefore, we find this issue is without merit.

TV. Ineffective assistance of counsel.

¶ 15. Herrington claims that his counsel was ineffective because his counsel presented a “benign defense.” Herrington points to his counsel’s failure to object to the introduction of bad acts evidence and the stipulation to Herrington’s felony arrest.
¶ 16. To establish ineffective assistance of counsel, Herrington must demonstrate that his attorney’s performance was deficient and that this deficiency deprived him of a fair trial. See Moore v. State, 676 So.2d 244 (Miss.1996); Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A presumption exists that the attorney’s conduct was adequate. Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001); Stringer v. State, 454 So.2d 468, 477 (Miss.1984). We measure the alleged deficiency within the totality of circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995); Carney v. State, 525 So.2d 776, 780 (Miss.1988); Read v. State, 430 So.2d 832, 839 (Miss.1983).
¶ 17. Herrington’s counsel stipulated that he was confined on felony charges because the pending charges were for kid-naping, sexual battery, rape and burglary. If counsel had not stipulated to this fact, these charges and the heinous nature of the charges would have been presented to the jury. It was certainly a reasonable decision made by his counsel.
¶ 18. Herrington further contends that the jury would not have known of his prior bad acts if his counsel would have objected to their introduction. He was in jail. He tried to escape jail. It is stating the obvious that some misconduct of Her-rington’s led to this charge against him and the subsequent trial. The argument that Herrington’s prior bad acts would have gone unnoticed is flawed.
¶ 19. Finally, we find that Herrington was provided adequate representation. Herrington’s counsel made specific arguments, some successful, advocating that the intent element be part of the jury instructions. Considering the totality of the circumstances, Herrington has not established the deficiency of his counsel and the prejudice resulting therefrom. Therefore, there was no due process violation and this issue is also without merit.

V Whether the State “extracted a promise from the jurors” during voir dire.

¶ 20. Finally, Herrington claims that the State committed reversible error during voir dire. The prosecutor stated his expected proof and then asked the jurors whether they would have difficulty returning a guilty verdict due to religious, moral, or personal bias. Herrington now claims that the prosecuting attorney elicited a promise from the jury seeking a guilty verdict.
¶ 21. Herrington’s attorney did not object to the State’s voir dire. Therefore, this issue is barred on appeal. Carr v. State, 655 So.2d 824, 853 (Miss.1995).
¶ 22. However, even if this issue were not procedurally barred, it is wholly without merit. The standard of review in determining whether a question or line of questions in voir dire was improper is abuse of discretion. Edwards v. State, 737 So.2d 275, 308 (¶ 104) (Miss.1999). The questions posed in voir dire were not attempts to persuade the jurors to vote one way or another. It is clear from the transcript that the prosecutor was merely determining whether the jurors could be fair in their deliberation if certain facts were established. The trial court did not abuse its discretion in allow *550 ing these questions. Therefore, we find that this issue is without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF ATTEMPTED FELONY ESCAPE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT THE POSSIBILITY OF PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ. CONCUR.