BARNES, J.,
for the Court:
¶ 1. Michael Stewart was convicted of attempted escape by force or violence and sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC) as a habitual offender without eligibility for parole or probation. After the circuit court’s denial of his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, Stewart now appeals the single issue of the denial of his motion for a new trial. Finding that the verdict is not against the overwhelming weight of the evidence, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On July 12, 2008, Sarah Houston, an employee of the Coahoma County Sheriffs Department, was working a late-night shift in the main control room of the jail. Observing that a silent alarm had been triggered, she contacted the shift sergeant, Terrence Humphrey. Neither Houston nor Sergeant Humphrey could determine the origin of the alarm; so Sergeant Humphrey conducted a visual body count of the prisoners. After conducting the count and finding it satisfactory, Sergeant Humphrey left the area to book another prisoner. A second silent alarm was triggered, and Houston observed, through the jail’s surveillance cameras, two men walking along the roof. She notified Sergeant Humphrey and another deputy, who proceeded to investigate.
*769 ¶ 3. Otis Taylor, a local police officer, responded to the jail’s call for assistance regarding the escapees. Arriving at the jail, he noticed two inmates climbing the fence located around the jail. He ordered them to halt and drew his gun. Upon Officer Taylor’s order, one escapee fell over and outside of the fence; the other escapee, Stewart, fell to the ground on the inside of the fence. When Sergeant Humphrey arrived at the scene, he noted that Stewart was lying facedown beside the fence.[1]
¶ 4. Mario Magsby, an investigator with the Coahoma County’s Sheriffs Department, arrived at the jail at approximately 3:00 a.m. to conduct a search of the crime scene. He concluded that Stewart and the other inmate had escaped through a pipe-chase door and the air-conditioner pipes that led to the roof of the building. The pipe-chase doors, which are located in between the prisoners’ cells, house plumbing and mechanical equipment. Investigator Magsby later testified that this method of escape had been used by other inmates in the past. He also discovered that there was damage to the adjacent air-conditioning unit located on the roof of the “B pod” building where Stewart was housed.
¶ 5. On May 25, 2009, a Coahoma County grand jury indicted Stewart of attempting to escape by force or violence under Mississippi Code Annotated section 97-9-49(l)(a) (Rev.2006). Stewart was further charged as a habitual offender as he had three prior drug-offense convictions. After a one-day jury trial on January 28, 2010, Stewart was convicted and given the maximum sentence of five years in the custody of the MDOC as a habitual offender, with the sentence ordered to run consecutively to the sentence he was currently serving.[2] Stewart filed a motion for a JNOV or, in the alternative, a new trial, which the circuit court denied. After reviewing Stewart’s timely appeal, which only addresses the denial of his motion for new trial, we affirm the judgment of the circuit court.
Whether the circuit court erred in denying Stewart’s motion for a new trial as the verdict is against the overwhelming weight of the evidence.
¶ 6. Stewart claims that the overwhelming weight of the evidence did not support the guilty verdict. A guilty verdict will not be disturbed upon appeal “unless we find that the verdict ‘is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Tate v. State, 20 So.3d 623, 644 (¶57) (Miss.2009) (citing Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005)). “A reversal is warranted only if the trial court abused its discretion in denying a motion for new trial.” Pruitt v. State, 28 So.3d 585, 588 (¶ 11) (Miss.2010) (quoting Ivy v. State, 949 So.2d 748, 753 (¶ 21) (Miss.2007)).
¶ 7. Mississippi Code Annotated section 97-9^49(l)(a) states that: .
Whoever escapes or attempts by force or violence to escape from any jail in which he is confined ... shall, upon conviction, if the confinement or custody is by virtue of an arrest on a charge of felony, or conviction of a felony, be punished by imprisonment in the penitentiary not exceeding five (5) years to commence at the expiration of his former sentence^]
(Emphasis added). Stewart contends that there was no evidence of “force” presented at trial; therefore, his conviction was not supported by the evidence.
*770 ¶ 8. In Herrington v. State, 911 So.2d 545 (Miss.Ct.App.2005), this Court examined a case with similar circumstances. Kenneth Herrington was being held in custody at the Lauderdale County Detention Facility, awaiting trial on felony charges, when he attempted to escape using “an existing hole in the chain-link enclosure to gain access to the roof of the detention facility.” Id. at 547 (¶ 1). Herrington, like Stewart, was charged and convicted under section 97-9-49(1) and also claimed that was no evidence of force to support his conviction of attempted escape. This Court rejected Herrington’s argument, finding that the opening in the fence “was not intended as an exit” and “[t]he photographs ' of the hole established that the chain[] link roof was pulled, pried, or twisted from the wire which held it in place.” Id. at 548 (¶ 11). Therefore, the record supported the finding of “force” in Herrington’s attempted escape.
¶ 9. As in Herrington, the pipe-chase door and air-conditioning unit located on the roof were not intended for access or exit. Investigator Magsby testified that someone had tampered with the air-conditioning unit on the roof above where Stewart’s cell was located. The photographs of the unit that were entered into evidence corroborated this testimony, showing that a door was off the unit and that the filter and insulation from the pipes had been ripped and torn. There was also a clean-looking, white pair of boxer shorts lying near the unit. When questioned about the photographs, Investigator Magsby replied as follows:
Q. If you looked inside that opening [of the air-conditioning unit], would this (indicating) be in there someplace?
A. Yes. If you go — if you enter the unit and go down, you can go through the pipe-chase door and go into B pod.
Q. Could a person fit through this opening we just — just saw and go through all this from up here (indicating) all the way down?
A. Yes.
Q. To the pipe-chase door?
A. Yes.
In her testimony, Houston also stated that the roof “was about the only place [prisoners] usually get out.”
¶ 10. Investigator Magsby also testified that, at a later date, Stewart claimed that Sergeant Humphreys had helped Stewart and the other prisoner to escape by unlocking doors to the exercise yard. Stewart told Investigator Magsby that he was not trying to escape but merely trying to prove a point. What “point” Stewart was trying to make, however, was not clear. We find that the evidence and testimony presented at trial sufficiently refutes Stewart’s contention. Investigator Magsby noted at trial that the only way to escape by that method was either to climb over two fences or have a key to open the gate to gain access. Houston also testified that no outside doors had been opened, a fact she could determine from her position in the control room. When testifying at the trial, Sergeant Humphreys denied helping the prisoners and denied giving them permission to leave their cells. As this Court recently observed, “it is the function of the jury to weigh the evidence, evaluate witness credibility, and determine which witnesses are to be believed.” Timmons v. State, 44 So.3d 1021, 1028 (¶ 26) (Miss.Ct.App.2010) (citing Thomas v. State, 14 So.3d 812, 823 (¶37) (Miss.Ct.App.2009)). Moreover, the prisoners were spotted through video surveillance on the roof of “B” pod.
¶ 11. Finding that the overwhelming weight of the evidence supports the jury’s *771 verdict, we affirm the circuit court’s denial of Stewart’s motion for a new trial.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF ATTEMPTED ESCAPE BY FORCE OR VIOLENCE AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.

. The other escapee was quickly apprehended and taken back into custody.

. Stewart was serving a twenty-five-year sentence for the sale of a controlled substance.